# MUTUAL LIFE INSURANCE COMPANY OF BALTI-
## · MORE *vs.* MARIE RAIN.

*Life Insurance—False Statement in Application—Instructions to Jury—
Statement in Proof of Loss.*

A policy of life insurance provided that no obligation thereunder would
be assumed by the insurer unless at the date of the delivery of the
policy the insured was in sound health. In an action on the policy, the
evidence of the defendant tended to show that at that date the insured
was suffering from tuberculosis of the lungs, but this evidence was not·
convincing and uncontradicted so as to require the Court to rule as
matter of law that the answers made in the application were false.
*Held,* that the jury was properly instructed that if they find that at the
date of the issue of the policy, the insured was not suffering from any
of the diseases therein mentioned, they may find a verdict for the
plaintiff, but if they find that at that time the insured was suffering from
tuberculosis, and that said disease resulted in her death, then their ver-
dict should be for the defendant.

When the plaintiff in an action on a life insurance policy puts in evidence
proofs of death furnished to the defendant, they are evidence only to
show that the requirements of the policy as to such proofs have been
complied with. Statements therein contained are not to be taken
as admissions by the plaintiffs unless they are offered in evidence by the
defendant against him.

*Decided June 24th, 1908.*

Appeal from the Superior Court of Baltimore City (EL-
LIOTT, J.)

The trial Court rejected all of the prayers offered and in-
structed the jury as follows:

"The jury are instructed that if they find the issue of the
policy sued upon in this case by the defendant company, that
said policy was upon the life of Rose Rain, for the benefit of
her mother, Marie Rain, the plaintiff herein, and that said
policy having been so issued, was in force at the date of the
death of Rose Rain, in so far as any default having taken
place after the issue of the policy is concerned, and if they

further find that at the date of the issue of said policy the said Rose Rain was not suffering from any of the diseases mentioned in said policy of insurance, then they may find a verdict for the plaintiff in this case for the amount of money mentioned in said policy. But if the jury find from the evidence offered in this case, notwithstanding the other facts hereinbefore mentioned relating to the issue of said policy and the fact of its being in force at the date of the death of Rose Rain, and if they also find the fact from the evidence offered that at the time of the issue of said policy the said Rose Rain was suffering from tuberculosis of the lungs, and that said disease finally resulted in her death, then their verdict should be for the defendant.

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke and Worthington, JJ.

*Paul M. Burnett*, for the appellant.

*Thos. R. Clendinen*, for the appellee.

Worthington, J., delivered the opinion of the Court.

This is a suit upon a policy of life insurance issued by the appellant to the appellee upon the life of appellee's daughter, Rose Rain.

The policy is dated June 24th, 1905, and the death of the insured occurred on December 13th, 1906.

The amount of the insurance was $180, and the weekly premium of ten cents was paid regularly, for about seventy-five weeks, until the insured's death.

The "substantial defense" to the claim of the beneficiary for the amount of the insurance, is that at the time of the issuance of the policy, the insured had consumption of the lungs, of which it is contended, she subsequently died.

In support of this defense the appellant refers to the following provision contained in the policy of insurance: "Provided, however, that no obligation is assumed by this company, unless at the date of the actual delivery of this policy, the in-

sured is in sound health;" and also to the evidence of Dr. Lilly, a witness for appellant who testified that in April, 1905, he made an examination of the insured's sputum and found therein the germs of tuberculosis.

It appears from the evidence in the case that Dr. Lilly first attended the insured on February 15th, 1905, at the Northeastern Dispensary in Baltimore, that subsequently, in April of the same year, he examined her sputum, and that he attended her but two or three times thereafter until her death in December, 1906.

The manner in which the examination of the sputa was made, does not appear, and the only evidence in the case to prove that the doctor was possessed of the requisite knowledge and skill to make a scientific and accurate examination was that he had graduated from the Maryland University some six years before, and had been practicing medicine for that length of time. He admitted on cross-examination that in his profession a good many mistakes were made, and though he denied that he had told the mother of the insured that the young woman had died of inflammation of the stomach, the mother swore most positively that he did so inform her, and that he never mentioned anything about her daughter having consumption.

The mother also testified that the doctor told her that if he had known her daughter's life was insured he would not have certified that she died of *tuberculosis pulmonalis* but "would have made it something different."

The doctor was present in the Court room at the time, it would seem, and yet did not go upon the stand and deny this statement.

We think that the statements and answers of the beneficiary in her application for the insurance on the life of her daughter were made warranties by the terms of the policy as well as by the application. (*Mutual Life v. Thomas*, 101 Md. 501), subject to the provisions of the Code (1906), Art. 23, sec. 196.

We also affirm what was said by this Court in the case of *Mutual Life v. Mullen*, 107 Md. 457, to the effect that when-

ever the statements and answers in the application are shown to be false by clear, convincing and uncontradicted evidence the Court may so rule as a matter of law. But in this case we do not think their falsity has been established by such testimony, and therefore this question of fact was properly submitted to the jury.

The Court refused all the prayers of the respective parties, and gave oral instructions to the jury which are set out in the record.

While we do not commend the giving of verbal instructions, deeming it much better practice to carefully reduce all instructions to writing, and in this form to submit them to the jury yet in this case we can find no substantial error in the instructions actually given by the trial Court.

It was suggested in the brief of counsel for the appellant, though not urged upon the Court, that the appellee stated in her application for the policy of the insurance, that no parent, brother or sister of the insured had died of consumption, and yet in the proof of death submitted by appellee, it appeared that a sister of the insured had died of that disease prior to the date of the application.

If properly established, such a fact would have been a very important one to be considered, but as the proofs of loss, when put in evidence by the plaintiff, are only admissible for the purpose of showing that the requirements of the policy have been complied with and as they are not admissible for any other purpose, (*Traveler's Ins. Co.* v. *Nicklas,* 88 Md. 474), there is no legal proof in this case that a sister of the insured, at any time died of consumption, and for this reason no doubt this phase of the case was not urged upon the Court either in the brief of appellant, or at the argument of the case in this Court.

In order to make declarations of the plaintiff contained in the proofs of death, evidence for the defendant company, it is necessary that such declarations be offered by the company, just as any other admissions of a party to the record are offered in evidence against him. When so offered it is for the

Court to decide whether such declarations are admissible as evidence for the defendant or not.

In *Stibbe's case*, 46 Md. 312, the Court allowed the declarations of the plaintiff to go to the jury, not as conclusive evidence against her, but as evidence to be considered by the jury in connection with all the other evidence in the case.

Very frequently the form for making out the plaintiff's proof of death is filled up by a physician or some other third person, and merely signed by the plaintiff as such proof of death, without the plaintiff examining or thereby intending to subscribe to all the incidental statements therein contained; and for this reason, there is danger that such statements would be given undue weight by the jury, unless they were specially offered in evidence by the defendant, and opportunity given the plaintiff to explain the circumstances under which such statements were made.

As we have said the "substantial defense" is that the insured was not in sound health at the date of the delivery of the policy of insurance, and as the question of fact involved in such defense was properly submitted to the jury, we find no reversible error in the ruling of the trial Court, and its judgment will therefore be affirmed.

> *Judgment affirmed with costs to the appellee.*