# THE METROPOLITAN LIFE INSURANCE COMPANY, a Corporation,

## *vs.*

## HELEN B. FREEBURGER JENNINGS.

*Life insurance: false statements in application; province of jury.*

Ordinarily it is the province of the jury to determine the falsity and materiality of the representations made in an application for an insurance policy, and the burden is upon the defendant to satisfy the jury of the validity of these defenses; but where the falsity and materiality of the representations are shown by clear, convincing and uncontradicted evidence, the Court should so rule as a matter of law.          p. 625

*Decided June 26th, 1917.*

Appeal from the Baltimore City Court.    (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*W. Hall Harris* and *W. Hall Harris, Jr.,* for the appellant.

*Julius H. Wyman* and *Jacob S. New* (with whom was *M. Maurice Meyer* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Baltimore City Court recovered by the appellee against the appellant company upon a policy of insurance issued by it upon the life of Edward J. Freeburger, brother of the appellee. The policy, the amount of which was $500, with the appellee named as beneficiary therein, was issued on October 16, 1912, and the insured died on January 10, 1914.

The sole defense made to this suit was that the insured had induced the appellant company to issue the policy to him by false representations material to the risk.

In his written application to the appellant company, the insured stated, among other things, that he was of sound health, that he had never had any disease of the lungs, that the physician who last attended him was Dr. Billingslea, the date of such attendance being twelve years prior to his application, and that his complaint at such time was lumbago; that he had not been under the care of any physician within two years prior to his said application and had "never been under treatment in any dispensary, hospital or asylum, nor been an inmate of any almshouse or other institution."

The application in which these statements are found was by the insurance agreement made part of the policy of insurance; and it was further agreed that said statements were "correct and wholly true" and were to form the basis of the contract of insurance upon the issuance of the policy.

In the proofs of death, which were signed by the plaintiff, the cause of death as given, is pulmonary tuberculosis.

The uncontradicted evidence in this case, as disclosed by the record shows, that the insured in the spring of 1911 was suffering from pulmonary tuberculosis; and that on March

29, 1911, he entered the State Sanatorium at Sabillasville and remained there until July 29, 1911, under treatment of Dr. Cullen, superintendent of said institution, and during the whole of said time he suffered from pulmonary tuberculosis.

He left that institution to attend the United States District Court of Maryland in which Court he had been indicted for the violation of the Oleomargarine Law. The trial of his case had been postponed at the request of Dr. Cullen, because of the advanced tubercular condition of the insured in the spring of 1911. On June 6th, Dr. Cullen wrote Hon. John Philip Hill, the United States District Attorney, saying: "Mr. Freeburger has pretty far advanced tuberculosis throughout both lungs, and if it were possible for his case to be postponed until the weather is cooler, it would be very much better for him."

He was tried in October, and was convicted and sentenced to thirteen months in the Atlanta Penitentiary. His actual term of imprisonment in that institution commenced on October 16, 1911, and expired on August 16, 1912. While so imprisoned he was on November 4, 1911, transferred to the tuberculosis camp within the prison and there he remained until the end of the term of his sentence under the treatment of the prison physician for pulmonary consumption, and while in the camp "he received open air treatment within the tent colony, with appropriate nourishing tuberculosis diet."

Upon his discharge from the Atlanta prison on August 16, 1912, he returned to Baltimore, and on September 10, following, made and signed the written application containing the above mentioned statements and representations.

At the conclusion of the evidence the defendant offered a prayer asking the Court to instruct the jury "that the uncontradicted evidence in this case shows that statements made at the time of the signing the application for insurance by the insured, as contained in said application, were untrue and

that those statements being material to the risk, their verdict must be for the defendant."

This prayer was refused and prayers submitting the case to the consideration of the jury were granted to both the plaintiff and defendant.

It is contended by the appellant that its prayer directing a verdict for the defendant should have been granted and because of the Court's refusal to do so, the judgment of the Court below should be reversed.

This Court has said a number of times that ordinarily it is the province of the jury to determine the falsity and materiality of the representations made in an application for an insurance policy and the burden is upon the defendant to satisfy the jury of the truth of these defenses, but where the falsity and materiality of the representations are shown by clear, convincing and uncontradicted evidence the Court may so rule as a matter of law. *Fidelity Mutual Life Insurance Association v. Ficklin,* 74 Md. 173; *Dulany* v. *Fidelity and Casualty Company,* 106 Md. 17; *Mutual Life Insurance Co. v. Rain,* 108 Md. 353; *Bankers Life Insurance Company v. Miller,* 100 Md. 1; *Maryland Casualty Co. v. Gehrmann,* 96 Md. 634; *Aetna Life Insurance Co.* v. *Millar,* 113 Md. 693; *Mutual Life Insurance Co. v. Mullan,* 107 Md. 463; *Forwood v. Prudential Insurance Co.,* 117 Md. 259.

The uncontradicted evidence that Freeburger so early as March, 1911, was suffering from pulmonary tuberculosis and because of which he was sent to the State Sanatorium at Sabillasville, Maryland, where he was under the treatment of Dr. Cullen and where he remained for several months until his trial in the fall of that year, which resulted in his conviction and sentence to the Atlanta prison where he was again treated by the physician in charge for tuberculosis of the lungs until his discharge less than a month before the date of the application shows the falsity of the representations made by him that he was last attended by Dr. Billing-

slea for lumbago twelve years prior to his application; that he had never suffered from any lung disease, that he had not been under treatment in any dispensary, hospital or asylum or other institution, and we may further add that the existence of these facts disclosed by such uncontradicted evidence makes it impossible to believe that the insured in making such representations was ignorant of their falsity. The representations made were not only material, but were vital to the risk, and of such a character as to make it irrational to suppose that the appellant would have issued the policy if it had been apprised of the true state of facts to which the representations were made.

The prayer directing a verdict for the defendant should have been granted, for which reason the judgment of the Court below will be reversed, and as there should in our opinion be no recovery in this case the judgment will be reversed without awarding a new trial.

> *Judgment reversed without new trial, with costs to the appellant.*