# PENN MUTUAL LIFE INSURANCE COMPANY *v.* CALVERT K. HARTLE ET AL., COMMITTEE.

[No. 39, April Term, 1933.]

*Decided May 26th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Augustine S. Mason* and *Randolph Barton, Jr.,* for the appellant.

*Calvert K. Hartle,* with whom was *Elias B. Hartle* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

A policy issued by the Penn Mutual Life Insurance Company, as of May 25th, 1928, insured the life of Louis A. McAbee for $5,000, and by a supplemental agreement, attached to the policy, the company contracted, for additional premiums, to pay to the insured, or to his legal guardian or committee, if he were then insane, the sum of fifty dollars per month in the event of his becoming totally and permanently disabled, and to waive the payment of premiums under the policy during the period of such disability, and to pay double the amount of life indemnity if the death of the policyholder resulted from an accident. In 1931 the insured became insane, and, after due claim and proof, his committee were paid the amounts of the disability benefits accruing

under the policy from May 1st of that year until January 1st, 1932. There was a coincident waiver of the premiums which otherwise would have been payable under the policy. On January 18th, 1932, the insurer learned that the insured had been treated in Johns Hopkins Hospital in 1927 and 1928 for cerebro spinal syphilis. In the application for the insurance it was stated by the applicant that he never had such a disease. After discovering that this statement was false, the insurance company refused to make further monthly payments under the policy, and notified the committee of the insured that the provision for disability benefits and waiver of premiums was rescinded. A tender was duly made to repay the premiums collected on account of that phase of the insurance. The committee of the insured refused the tender, and also the demand of the insurance company to be reimbursed for the disability payments made prior to the rescission. In this equity suit the company asked for a decree declaring the portion of the supplemental agreement which provided for such payments and the waiver of premiums to be null and void, and requiring the committee of the insured to make the demanded reimbursement. The result of the trial was a decree dismissing the bill of complaint, and the appeal is from that disposition of the case.

The denial, in the application for the insurance, that the applicant had contracted syphilis was false and material. As to this there is no dispute. It was a misrepresentation which, under the circumstances shown by the record, clearly entitled the insurer to rescind the contract thus induced. *Loving v. Mutual Life Ins. Co.,* 140 Md. 173, 117 A. 323; *Mutual Life Ins. Co. v. Willey,* 133 Md. 665, 106 A. 163; *Metropolitan Life Ins. Co. v. Jennings,* 130 Md. 622, 101 A. 608; *Forwood v. Prudential Life Ins. Co.,* 117 Md. 254, 83 A. 169; *Stiegler v. Eureka Life Ins. Co.,* 146 Md. 629, 127 A. 397; *Mutual Life Ins. Co. v. Held,* 157 Md. 551, 555, 146 A. 755. The question for decision is whether the insurer is prevented from relying upon that ground of rescission, to the extent proposed, by any of the considera-

tions, to be presently stated, which have been urged in opposition to such relief.

In regard to the life insurance, the policy was by its terms incontestable after the lapse of one year from its date, except for nonpayment of premiums. But the disability and double indemnity features of the insurance were, by the supplemental agreement, excluded from the effect of the incontestability provision.

It is contended that the disability clause is indivisible from the other portions of the policy and is, therefore, not subject to separate rescission while the associated terms are recognized by the insurer as remaining in effect. For the proposition that an entire insurance contract is not susceptible of rescission in part, the decision in *Stiegler v. Eureka Life Ins. Co., supra,* is sufficient authority. The policy in that case was solely for life insurance. In the present case a supplemental agreement provided for the disability insurance, with respect to which rescission has been attempted. The terms of that agreement expressed a complete and effective contract as to each of the additional forms of insurance therein described. It thus distinguished between the disability and the double indemnity benefits, while making both the subjects of contract supplemental to the life policy. The right of the insurer to rescind the whole of its contract with the insured, because of his material misrepresentation in its procurement, is barred, as to the life insurance, by the stipulation that the policy in that respect should be, except for nonpayment of premiums, incontestable after one year from its date. But in reserving to the insurer a right to contest, after that time, the disability and double indemnity provisions, the supplemental agreement made a distinction which would be nugatory if the contention that the policy and its supplement should be treated as an entirety is sustained.

It has been argued that the provision excluding the disability and double indemnity insurance from incontestability, after a year, for any cause other than default in the premium payments, is inapplicable to the right of the insured to waiver of premiums after he became totally and perma-

nently disabled. This contention is based upon the theory that the waiver of premiums, on account of such a misfortune, is not a part of the disability benefits, to the provision for which the incontestability clause was agreed not to apply. In our opinion the contract should not be so interpreted. It seems clear to us that relief from premium payments, while the insured is totally disabled, is one of the "disability benefits" for which the agreement provides. The caption of that portion of the policy is "Total and Permanent Disability Benefits; Monthly Income Payment and Waiver of Premium." In thus combining waiver of premium with monthly payments, as the benefits assured to the policyholder becoming totally disabled, the stipulation on that subject recognized that his need of income and his inability to continue premium payments, in consequence of his loss of earning capacity, were closely related. It was certainly not the purpose of the policy that the insured could be exempted from liability for premiums on his life insurance, after he became disabled, while the insurer could successfully resist his claim for the income benefits under the same policy clause, nor that the existence of a valid ground of contest as to that clause should leave the insured at liberty to secure either of the benefits which it contemplated.

Upon the unacceptable theory, that waiver of premiums is not described by the term "disability benefits," it was further argued that, in declaring a rescission of the policy as to those benefits and omitting from that declaration a specific reference to the subject of premium waiver, the insurer should be held to have impliedly reaffirmed the policy, in that respect, and the rescission should, therefore, be regarded as partial and ineffectual. For reasons already stated, we must overrule this contention.

The notice of rescission was given by the insurance company to the committee of the insured promptly after the company learned that his representation, to which we have referred as materially affecting his insurability, was false in fact. Several months later this suit for a judicial enforcement of the rescission, and for the recovery of the disability

payments, was instituted. In the opinion delivered for the
court by Judge Parke, in *Stiegler v. Eureka Life Ins. Co.,*
*supra,* pages 641, 642 of 146 Md., 127 A. 397, 402, it was
said: "The method of communicating to the other party
the insurer's election to rescind the contract may be through
litigation or by some definite or conclusive word or act.
The first method is through a proceeding in equity to have
the contract judicially declared at an end or by defense
taken on the rescission, if there be a suit on the contract
within the period of one year. If the rescission is not de-
clared in judicial proceedings, the word or act giving notice
must be prompt, clear, decisive, and sufficient to manifest
the election." In this case the insurer is proved to have
given a verbal notice of rescission to the committee of the
insured within a few days after the discovery that his repre-
sentation as to his not having had syphilis prior to his appli-
cation for the insurance was untrue. Within the following
week a written notice of similar import was sent to the
committee. The institution of this suit occurred after the
committee had resorted to a series of actions against the in-
surer before a justice of the peace for successive monthly
payments, which, but for the rescission, would have accrued
under the policy as disability benefits. Several of those ac-
tions resulted in judgments without contest by the insurer,
except a general notification to the magistrate to enter ap-
peals to the circuit court, where the appeals are still pend-
ing.

It is urged that, as the insurance company failed to make
a defense before the justice of the peace, its right to rescind
the disability benefit provisions of the policy should be held
to have been thereby waived. The significance of that omis-
sion is qualified by simultaneous instructions to enter appeals
to a tribunal of more effective authority, where a *de novo*
trial would be afforded. One of the apparent purposes of the
present suit in equity was to avoid a recurrence of monthly
actions before a magistrate, and to secure a judicial deter-
mination of the dispute in a single proceeding by a court
of competent jurisdiction. Under the circumstances, no

sufficient indication of an intent to waive the right to, rescind is found in the fact that the insurance company directed appeals to be entered instead of making its defense primarily before the justice of the peace.

This proceeding is technically defective because the insured himself was not made a party, the only defendants named and summoned being his committee. *Funk v. Wingert,* 134 Md. 523, 107 A. 345; *Stigers v. Brent,* 50 Md. 214; Code, art. 16, sec. 160. The chancellor, while noting that omission, nevertheless considered and decided the case on its merits. If such an objection had been made in the pleadings, it could readily have been overcome by amendment and new process, which would unquestionably have been permitted. The return of process duly served upon the insured, as a nonsane defendant, would be followed by an order, on motion, requiring his committee to appear and represent his interests. Code, art. 16, sec. 161. That duty the committee have already performed. It has, therefore, seemed to us proper that the substantial question presented on this appeal should be decided, and the parties thus relieved of further litigation on the subject, although a correction of the omission to make the insured a party will be necessary when the case is remanded.

Our conclusion from the record is that the appellant is entitled to the relief sought by the bill of complaint.

> *Decree reversed, with costs, and case remanded for further proceedings and a decree in conformity with this opinion.*