# Mutual Life Insurance Company of New York v. McConnell et ux.

*Myron W. Jones, William H. Eckert,* and *Smith, Buchanan, Scott & Gordon,* for plaintiff.

*Brockway, Whitla & McKay,* for defendants.

McLAUGHREY, P. J., November 13, 1933.—On May 31, 1933, The Mutual Life Insurance Company of New York filed a bill in equity to reform two policies of insurance issued by it on the life of James C. McConnell, dated August 29, 1929, and September 8, 1930. The relief asked is the elimination from the policies of the disability clauses contained therein, it being alleged that the said James C. McConnell made false answers to the questions of the medical examiner as to his physical condition at the time of his examination, and that the plaintiff issued the policies on the strength of these answers.

Copies of the policies are attached to the bill of complaint. Each provides that The Mutual Life Insurance Company of New York will pay to Grace M. McCon-

nell the sum of $1,500 at the death of the insured, and double that amount if the insured's death is accidental. Each policy also provides for the waiver of premiums and payment of a monthly income to the insured, or to the beneficiary in the event of certain contingencies, in case the insured became totally and permanently disabled.

The defendants have filed preliminary objections to the bill, setting forth that the relief prayed for is barred by virtue of the incontestability clauses in the policies which read as follows:

"Incontestability: Except for nonpayment of premiums and except for the restrictions and provisions applying to the double indemnity and disability benefits as provided in sections 1 and 3, respectively, this policy shall be incontestable after 1 year from its date of issue unless the insured dies in such year, in which event it shall be incontestable after 2 years from its date of issue."

The question for consideration of the court is whether the incontestability clauses in these policies preclude the insurer from avoiding the disability benefits on account of fraud if more than 1 year has expired since the policies were issued. It is clear that the policies are incontestable after 1 year from the date of issue, except for "the restrictions and provisions applying to the double indemnity and disability benefits as provided in sections 1 and 3, respectively."

Section 3 is entitled: "Benefits in event of total and permanent disability before age of 60." It would appear, therefore, that the incontestability clauses do not apply to the disability benefits, and the action here seeks only the cancellation of the disability provisions. The defendants, however, contend that the incontestability clauses in the policies bar the suit of the plaintiff, notwithstanding the exceptions of section 3 relative to the disability cases. It is contended that the purpose of the clause in the policy is to preclude defenses to the policy after 1 year unless the defense is nonpayment of premium, or one of the defenses incident to double indemnity or disability necessary to protect the company from injustice, which defenses are all suggested in sections 1 and 3 of the policy. It is argued that the plaintiff company cannot now go back to the inception of the policy and allege fraud on the part of the insured in answering the questions set forth in the application.

It is true the alleged fraud goes back to the obtaining of the policy, but why should that interfere with the operation of the exception as to disability? We have had very few cases cited by counsel relative to the question before the court, but we have given careful examination to these and made further investigation as to the law on the subject. We are of the opinion that it was the intent of the contracts to exempt from their incontestability clauses its operation in the disability provision. In other words, the incontestability clauses do not apply to the disability benefits, and the action now before the court seeking only the cancellation of the disability provisions is therefore brought in time. Counsel for the plaintiff has cited the case of Penn Mutual Life Ins. Co. v. Hartle et al., 166 Atl. 614 (Maryland). This case is cited for the purpose of showing that the contract of insurance contains two separate contracts, one of life insurance and the other a contract with indemnity against total and permanent physical inability. The court said in that case (p. 615):

"It has been argued that the provision excluding the disability and double indemnity insurance from incontestability, after a year, for any cause other than default in the premium payments, is inapplicable to the right of the insured to waiver of premiums after he became totally and permanently disabled. This contention is based upon the theory that the waiver of premiums, on account of such a misfortune, is not a part of the disability benefits to the

252

provision for which the incontestability clause was agreed not to apply. In our opinion the contract should not be so interpreted. It seems clear to us that relief from premium payments, while the insured is totally disabled, is one of the 'disability benefits' for which the agreement provides. The caption of that portion of the policy is 'Total and Permanent Disability Benefits; Monthly Income Payment and Waiver of Premium.' In thus combining waiver of premium with monthly payments as the benefits assured to the policyholder becoming totally disabled, the stipulation on that subject recognized that his need of income and his inability to continue premium payments, in consequence of his loss of earning capacity, were closely related. It was certainly not the purpose of the policy that the insured could be exempted from liability for premiums on his life insurance, after he became disabled, while the insurer could successfully resist his claim for the income benefits under the same policy clause, nor that the existence of a valid ground of contest as to that clause should leave the insured at liberty to secure either of the benefits which it contemplated."

Under the provisions of the contract which we have in this case, we see no reason why the court may not decree cancellation of the disability benefits, even though the remainder of the policy remains in force; and, being further of the opinion that the incontestability clauses do not apply to the disability benefits, therefore the preliminary objections should be overruled.

*Order*

And now, November 13, 1933, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, 'the preliminary objections are overruled.