**MUTUAL LIFE INS. CO. OF NEW YORK**
**v. STROEHMANN et al.**
**No. 973.**

District Court, M. D. Pennsylvania.
May 17, 1934.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for plaintiff.

Snyder, Miller, Hull & Hull and Carl B. Shelley, all of Harrisburg, Pa., for defendants.

WATSON, District Judge.

The Mutual Life Insurance Company of New York, on October 11, 1932, filed a bill in equity against Carl F. Stroehmann and Lycoming Trust Company, trustee, to reform three policies of insurance issued by it on the life of Carl F. Stroehmann. One policy is No. 2,646,105, for the face amount of $5,000, and is dated September 20, 1919. This policy I shall refer to as policy No. 1. Another policy is No. 2,677,078, for the face amount of $5,000, and is dated December 9, 1919. This policy I shall refer to as policy No. 2. The other policy is No. 4,361,192, for the face amount of $40,000, and is dated June 30, 1930. This policy I shall refer to as policy No. 3. It is alleged in the bill that the said Carl F. Stroehmann made false answers to the questions of the medical examiners as to his physical condition at the time of his examinations, and that the plaintiff issued the policies on the strength of these answers. Copies of the policies are attached to the bill of complaint. Each policy provides that the Mutual Life Insurance Company of New York will pay the face amount at the death of the insured, and double that amount if the insured's death is accidental. Each policy also provides for the payment of a monthly income to the insured in case of total and permanent disability of the insured, and for the waiver of payment of premiums in case of the permanent disability of the insured. Policies Nos. 1 and 2 contain the following provisions as to incontestability: "This Policy shall be incontestable after two years from its date of issue except for non-payment of premiums." Policy No. 3 contains the following provision as to incontestability: "Except for non-payment of premiums and except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in sections 1 and 3 respectively, this Policy shall be incontestable after one year from its date of issue unless the Insured dies in such year, in which event it shall be incontestable after two years from its date of issue." The relief prayed for is the rescission and cancellation of the provision for disability benefits in the policies, and the restraining of the defendants from bringing any action at law, or otherwise, upon the policies for the payment of disability benefits until the hearing in this case and the final decree therein.

The defendants moved the court to dismiss the bill of complaint for the following reasons:

"1. The bill of complaint shows upon its face that Carl F. Stroehmann, the insured named in the policies of insurance pleaded therein, has made demand upon the plaintiff for the payment of disability benefits, and, unless restrained will bring an action at law upon said policies to recover the same. By defense to such action the plaintiff has a full, complete and adequate remedy at law for all of the matters complained of in its bill of complaint.

"2. The bill of complaint shows upon its face that the plaintiff has no cause of action against the defendants."

The questions, therefore, for the court, are: First, whether the bill of complaint

shows that the plaintiff has a cause of action against the defendants; and, second, whether the plaintiff has a full, complete, and adequate remedy at law for all the matters complained of in the bill of complaint.

I shall consider the questions in the order stated.

The question as to whether the bill of complaint shows that the plaintiff has a cause of action against the defendants should, in my opinion, be answered in the affirmative. It is urged by the defendants that the words in the incontestable clause in policy No. 3 do not exclude from the incontestable clause the obligation to pay disability benefits but relate only to the particular limitations and provisions contained in sections 1 and 3 of the policy; that they were inserted to assure to the company the right to insist upon those limitations and provisions after the contestable period had expired; and that they were not intended to permit any contest of the obligation to pay on the ground of fraud after the expiration of the contestable period. In Mutual Life Insurance Co. v. McConnell et ux., 20 D. & C. (Pa.) 250, the same question arose on exactly the same incontestable clause. There the court said: "The question for consideration of the court is whether the incontestability clauses in these policies preclude the insurer from avoiding the disability benefits on account of fraud if more than 1 year has expired since the policies were issued. It is clear that the policies are incontestable after 1 year from the date of issue, except for 'the restrictions and provisions applying to the double indemnity and disability benefits as provided in sections 1 and 3, respectively.'

"Section 3 is entitled: 'Benefits in event of total and permanent disability before age of 60.' It would appear, therefore, that the incontestability clauses do not apply to the disability benefits, and the action here seeks only the cancellation of the disability provisions. The defendants, however, contend that the incontestability clauses in the policies bar the suit of the plaintiff, notwithstanding the exceptions of section 3 relative to the disability cases. It is contended that the purpose of the clause in the policy is to preclude defenses to the policy after 1 year unless the defense is nonpayment of premium, or one of the defenses incident to double indemnity or disability necessary to protect the company from injustice, which defenses are all suggested in sections 1 and 3 of the policy. It is argued that the plaintiff company cannot now go back to the inception of the policy and allege fraud on the part of the insured in answering the questions set forth in the application.

"It is true the alleged fraud goes back to the obtaining of the policy, but why should that interfere with the operation of the exception as to disability? We have had very few cases cited by counsel relative to the question before the court, but we have given careful examination to these and made further investigation as to the law on the subject. We are of the opinion that it was the intent of the contracts to exempt from their incontestability clauses its operation in the disability provision. In other words, the incontestability clauses do not apply to the disability benefits, and the action now before the court seeking only the cancellation of the disability provisions is therefore brought in time."

In Connecticut General Life Insurance Co. v. Jos. F. Brandstein, 233 App. Div. 723, 249 N. Y. S. 1018, the same questions were raised as are raised here. The incontestable clauses in the policies were as follows: "Incontestability. This policy shall be incontestable after it shall have been in force during the lifetime of the Insured for two years from its date except for non payment of premiums and except as to provisions and conditions relating to benefits in the event of total and permanent disability and those granting additional insurance specifically against death by accident; but if the age of the insured be misstated, the liability of the Company shall be the amount of insurance which the premium would have purchased at the correct age." The defendants moved to dismiss the bill of complaint on the ground that on its face it did not state facts sufficient to constitute a cause of action. The decision held that a bill of complaint to cancel the disability clauses in the insurance policy was not barred by the fact that more than two years had expired since the date of the policy inasmuch as the disability clauses were excepted from the incontestability clauses.

In a very recent case, New York Life Insurance Co. v. Davis et al., District Court, Western District of Pennsylvania, 5 F. Supp. 316, 319, Judge Schoonmaker, in the opinion, said:

"The three policies of insurance involved in this suit would have been voidable in their entirety for fraud by reason of false answers by the insured to questions in the medical part of his application for insurance, but for the incontestable clause contained in each policy.

"This clause is as follows:

" 'This policy shall be incontestable after two years from its date of issue, except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits.'

"The plaintiff contends that by reason of this clause, it has expressly reserved to itself the right to contest this policy in so far as the provisions and conditions therein contained relating to disability and double indemnity benefits. The defendant, on the other hand, contends that the policies in their entirety are incontestable on account of this clause.

"Our view is that this clause expressly reserves to the insurance company the right to contest its liability for disability and double indemnity benefits accruing under the policy. No other ruling would give effect to the agreement of the parties. After two years, the regular life insurance liability of the company may not be contested, but the disability and double indemnity provisions always remain open to contest. There is no difficulty in canceling the insurance contract as to the two items, and leaving it in force as to the regular life insurance factors."

In my opinion, the bill of complaint shows that the plaintiff has a cause of action against the defendants.

██ The remaining question is, whether the plaintiff has a full, complete, and adequate remedy at law for all matters complained of in the bill of complaint.

The general rule is that equity will not ordinarily take jurisdiction of a suit for cancellation of a policy of insurance for fraud in its procurement, for the reason that the insurance company has an adequate remedy at law in its right to defend on the ground of fraud in an action instituted on the policies. Brown v. Pacific Mutual Life Insurance Co. (C. C. A.) 62 F. (2d) 711, 712, and many cases there cited. And it has been held in a number of cases that, except for the presence of the incontestable clause in the policy, a court of equity would not have the right to assume and try the issue whether the policy was fraudulently procured. New York Life Insurance Co. v. Seymour (C. C. A.) 45 F. (2d) 47, 73 A. L. R. 1523; Phœnix Mutual Life Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; and Cable v. United States Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188. In the case at bar, policy No. 3 contains no incontestable provision which applies to the disability benefits. Mutual Life Insurance Co. of N. Y. v. McConnell et ux., supra.

In those cases where the courts have held that a court of equity is without jurisdiction of a suit for cancellation of a policy of insurance for fraud in its procurement, the policies have been policies of life insurance. In the case at bar, the plaintiff is not seeking the cancellation of the life insurance policies, but the cancellation of the disability provisions only. Policies Nos. 1, 2, and 3 each contain two separate contracts, one of life insurance, and the other of indemnity against total and permanent physical disability and for double indemnity. Penn Mutual Life Ins. Co. v. Hartle et al., 165 Md. 120, 166 A. 614. On life insurance policies procured by fraud, there is but one cause of action, for a person dies but once. Disability policies procured by false representations and fraud create a continuous liability. It must be clear that the relief sought could not be obtained by defending an action instituted at law for recovery under the disability features of the policies, for an action at law might terminate in such a way as not to decide the issue of fraud. In Brown v. Pacific Mutual Life Insurance Co., supra, in which there was a motion to dismiss the suit similar to the motion in this case, the court said: "In the case at bar, the insured is living and there is consequently no possible way in which complainant can secure the full relief to which it is entitled except in equity. It is argued that relief might be obtained at law by defending the action instituted for recovery under the disability feature of the policy. But it is clear that this remedy would not be full, complete, or adequate. In the first place, the action at law might be terminated in such a way as not to decide the issue of fraud at all and in the meantime the policy might have become incontestable. In the second place, the judgment in that action would not be binding upon the beneficiary. See New York Life Ins. Co. v. Halpern (D. C.) 47 F. (2d) 935, 936. In addition to this, it is well settled that equity jurisdiction existing at the commencement of the suit is not lost because after the filing of the bill an adequate legal remedy has become available. Dawson v. Kentucky Distilleries & Warehouse Co., 255 U. S. 288, 296, 41 S. Ct. 272, 65 L. Ed. 638; N. Y. Life Ins. Co. v. Seymour, supra. We think that both on reason and authority, therefore, the jurisdiction of equity in a case such as this is thoroughly established."

I conclude, therefore, that the plaintiff does not have a full, complete, and adequate remedy at law for all of the matters complained of in the bill of complaint.

The questions raised as to policies Nos. 1 and 2 have not been discussed in this opinion, but the bill certainly presents a case for relief, and it is well settled that a bill will not be dismissed if it presents a case for relief. U. S. v. Railway Employes' Department, American Federation of Labor et al. (D. C.) 286 F. 228; Ralston Steel Car Co. v. National Dump Car Co. (D. C.) 222 F. 590.

Defendants' motion to dismiss is denied.