## MUTUAL LIFE INS. CO. OF NEW YORK v. STROEHMANN et al.

### No. 973.

District Court, M. D. Pennsylvania.

July 2, 1935.

See, also, (D.C.) 6 F.Supp. 953.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for plaintiff.

Snyder, Miller, Hull & Hull, and Carl B. Shelley, all of Harrisburg, Pa., for defendants.

WATSON, District Judge.

By bill in equity filed the plaintiff, the Mutual Life Insurance Company of New York, prayed for a rescission and cancellation of the disability benefit provisions in policies of insurance issued to Carl F. Stroehmann, one of the defendants. The defendants moved to dismiss the original bill of complaint, which motion was refused in an opinion by this court filed May 17, 1934 (6 F.Supp. 953), in which the court held that the incontestability clauses in the policies did not apply to disability benefits; that the disability clauses were exempt from the incontestability clauses; and that the insurer could sue for cancellation of disability benefit provisions because of alleged fraud inducing issuance of the policies. Since this court refused to dismiss the plaintiff's original bill of complaint, the plaintiff filed an amended bill of complaint, April 18, 1935, alleging the same cause of action as that alleged in the original bill of complaint, but averring additional fraudulent acts on the part of the insured inducing the issuance of the policies. The defendants have moved to dismiss the amended bill of complaint.

Since the decision by this court refusing to dismiss the original bill of complaint, there has been a decision by the Circuit Court of Appeals of the Ninth Circuit, Mutual Life Insurance Company of New York v. Joseph Markowitz and Rose Markowitz, 78 F.(2d) 396, and a decision by the Circuit Court of Appeals of the Fourth Circuit, Ness v. Mutual Life Insurance Company of New York, 70 F.(2d) 59. In both of these cases, the policies in suit contain incontestable clauses, the language of which is the same as that in policy No. 4,361,192 in the case at bar, and the courts held that the incontestable clauses did apply to disability clauses in the policies.

The same question has not been decided by the Circuit Court of Appeals of this

circuit, but, in view of the decisions by the Circuit Court of Appeals of the Fourth Circuit and the Circuit Court of Appeals of the Ninth Circuit, cited above, I now hold that the period of contestability passed before the original bill was filed in this case, and the defense of fraud in the procuring of the policies is not available against the insured.

The amended bill of complaint is dismissed. Plaintiff to pay the costs.