## PYRAMID LIFE INS. CO. v. SELKIRK.*
### No. 7676.

Circuit Court of Appeals, Fifth Circuit.
Jan. 3, 1936.

A. V. Knight, of San Antonio, Tex., for appellant.

C. W. Trueheart, of San Antonio, Tex., for appellee.

Before FOSTER and SIBLEY, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

This is a suit in equity seeking, besides incidental relief, cancellation of the disability benefit provisions of a combination policy of life and disability insurance issued by Kansas Life Insurance Company to Wyatt Owen Selkirk. Motion to dismiss the bill was sustained upon the ground that the hereinafter quoted incontestability clause bars the suit. From final judgment thereon this appeal is taken.

Appellant, plaintiff below, asserts that in the original application for the policy in 1928, and in subsequent applications for reinstatement in November, 1929, and September, 1930, after the policy had lapsed for the nonpayment of premiums, Selkirk fraudulently concealed and misrepresented material facts concerning his health and consultations with and treatment by physicians, in reliance upon which appellant acted in originally issuing and subsequently reinstating the policy, having no knowledge to the contrary. The last reinstatement was in September, 1930. Suit was begun December 8, 1933. The life insurance feature of the policy is not assailed, as that contract admittedly has become incontestable.

The policy contains the following clause which is the background of the controversy: "Incontestability. This policy shall be incontestable after one year from date of issue, except for the non-payment of premiums or violation of its terms as to military or naval service in time of war, and except as to provisions and conditions relating to disability benefits and those granting additional insurance specifically against death by accident, if any."

The quoted incontestability clause is in the face of the life policy. Disability benefits were provided by "rider" attached to and issued simultaneously with the life policy, of which it is a part. The rider (1) defines total and permanent disability; (2) provides for a monthly income to insured, and (3) a waiver of premiums during disability; (4) guards ultimate settlement, loan, and surrender values; (5) provides for cessation of such benefits upon the recovery of the insured; and (6) provides for automatic cancellation of disability benefits (a) upon default in payment of premiums, or (b) if insured shall engage in military or naval service in time of war or (c) if insured shall engage as a civilian in time of war in any occupation associated with military or naval operations, or (d) in the manufacture of explosives, or (e) if disability results from aeronautic, aviation, or submarine casualty.

The District Judge held that the effect of the second exception to the incontestability clause is merely to preserve to the insurer defenses arising out of the provisions and conditions specifically enumerated in the rider, which do not include fraud or misrepresentations in the procurement of the policy, and that upon all other grounds, including fraud, the insurer is precluded and a contest barred after one

year. Appellant contends that even after one year the insurer may seek rescission of the disability benefit provisions for fraud in procuring that contract.

For the purpose here under consideration, the incontestability clause may be thus contracted: "This policy shall be incontestable after one year from date of issue, * * * except as to provisions and conditions relating to disability benefits. * * *"

■ The effect of this exception, it seems to us, is to exclude from the one-year limitation of the incontestability clause, all grounds of contest relating to liability for disability benefits, not merely those based on conditions enumerated in the rider, leaving open to contest after one year the question of fraud in procuring the disability benefit contract. New York Life Ins. Co. v. Gresham, 170 Miss. 211, 154 So. 547; Greber v. Equitable Life Assur. Soc. (Ariz.) 28 P.(2d) 817; New York Life Ins. Co. v. Davis (D.C.) 5 F.Supp. 316; Mutual Life Ins. Co. v. Stroehmann (D. C.) 6 F.Supp. 953; Connecticut General Life Ins. Co. v. Brandstein, 233 App.Div. 723, 249 N.Y.S. 1018. Compare, contra, Thompson v. New York Life (D.C.) 9 F. Supp. 248.

The expression, "provisions and conditions relating to disability benefits," even if tautological, embraces all matters relating to liability for such benefits; those which create the right to receive them, as well as those which will defeat the right. When the terms "provisions" and "conditions" are combined, nothing else relating to liability for disability benefits remains to be referred to, and both are excepted from the operation of this incontestability clause. It might have been briefer to have said, as suggested by appellee, that the policy is incontestable after one year "except as to liability for disability benefits." But it would have been no more comprehensive. Moreover, one of the "provisions" relating to disability benefits is the promise of the insurer to pay them, made in reliance upon the insured's application which forms a part of the policy and in which the false representations are alleged to have been originally made. The "provision" containing this promise is excluded from the protection of the incontestability clause and leaves such promise open to rescission for fraud in its procurement.

Ness v. Mutual Life Ins. Co. (C.C.A.) 70 F.(2d) 59, 61, strongly relied upon by appellee, is inapposite to the determinative question here presented. The incontestability clause there considered, unlike this clause, provides that: "* * * Except for the restrictions and provisions applying to the double indemnity and disability benefits *as provided in Secs. 1 and 3*, respectively, this policy shall be incontestable after one year * * *." (Italics supplied.) Thus, as emphasized in the Ness Case, that exception was expressly limited to the restrictions and provisions "enumerated in the sections to which specific reference was made, i. e. sections 1 and 3," of that policy, which in general correspond to the rider here under consideration. It is as if the clause here under consideration had been written, "* * * Except as to provisions and conditions relating to disability benefits *as provided in the rider attached to this policy, * * *"* which is the construction contended for by appellee, in which he prevailed below. But no such restrictive language here appears. Its absence clearly distinguishes this case from the Ness Case, as the exception considered in the latter is much more limited than that here involved.

Greber v. Equitable Life Assur. Soc., supra, was distinguished in the Ness Case on the ground that the incontestable clause in the former "is very different" from that in the latter, which clearly it is. But the Greber exception is substantially the same as that here involved. It reads: "Except as to the provisions relating to disability and double indemnity."

■ Combination life and disability policies, such as this, are regarded as two distinct contracts, to effect different objects, though contained in one instrument. Penn Mutual Life Ins. Co. v. Hartle, 165 Md. 120, 166 A. 614, 91 A.L.R. 1466; Rosso v. N. Y. Life Ins. Co., 157 Miss. 469, 128 So. 343, 69 A.L.R. 883. Article 4732 (3) R.S.Texas (1925), providing a uniform statutory incontestability clause for "life" insurance policies, which might bar this suit, is inapplicable to disability insurance. Dent v. Nat'l Life & Accident Ins. Co. (Tex.Civ.App.) 6 S.W.(2d) 195; Hatton v. Mutual Health & Accident Ass'n (Tex.Civ.App.) 10 S.W.(2d) 239; Greber v. Equitable Life Assur. Soc. (Ariz.) 28 P.(2d) 817; Continental Life Ins. Co. v. Johnson (Tex.Civ.App.) 248 S.W. 88. Compare Cunningham v. Great Southern Life Ins. Co. (Tex.Civ.App.) 66 S.W.(2d) 765.

---

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.