## DOMINIQUE v. WASHINGTON NAT. LIFE INS. CO.

### No. 16080.

Court of Appeal of Louisiana. Orleans.

March 9, 1936.

Rehearing Denied March 23, 1936.

Normann & McMahon and Harold M. Rouchell, of New Orleans, for appellant.

Hugh M. Wilkinson, Harry Nowalsky, and Geo. M. Leppert, all of New Orleans, for appellee.

McCALEB, Judge.

On August 9, 1929, the defendant insured one Mary Huff against disability resulting from accident or sickness, together with certain benefits in the event of death, subject to the terms and conditions contained in the policy contract.

Mary Huff died on July 28, 1932, of "mitral insufficiency," with which she became afflicted on or about April 15, 1932.

The premiums under the policy were payable in advance at the rate of $1.50 per month. The premium for July, 1932, had not been paid at the time of the insured's death.

Lonnie Dominique, the beneficiary, filed this suit claiming a $100 funeral benefit under clause F of the policy.

The defense is that the policy was in suspension at the time of the insured's death because of the failure to pay the required premium due July 1, 1932.

Plaintiff invokes the provisions of Act No. 286 of 1926, which, in substance, makes it unlawful for an industrial life insurance company to lapse any industrial life insurance policy issued by it, whenever such policy has been in force for one year or more, without first giving thirty days' written notice to the assured.

The facts of the case are not in dispute. Plaintiff concedes that, unless Act No. 286 of 1926 is applicable, her cause must fail.

On the other hand, defendant admits that it did not comply with the provisions of the act, but asserts that the policy sued on is not an industrial life policy as provided by Act No. 65 of 1906, as amended by Act No. 240 of 1916, and, consequently, the provisions of Act No. 286 of 1926 are not pertinent.

Hence, the determination of the right of recovery depends upon whether the contract between the parties is one of industrial life insurance, as defined by Act No. 240 of 1916.

The policy contract provides, in substance, that in consideration of a monthly premium the defendant insures Mary Huff: (A) at the rate of $30 per month, but not exceeding six months, against accidental injury producing continuous disability; (B) the sum of $300 if the injury as de-
)roduce death or the loss of
rs of the body within a stipu-
:) the sum of $600 if the in-
in A produces death within
ne and occurs while insured
· on a railroad conveyance
<ed; (E) at the rate of $30
exceeding six months, from
is necessarily bed-confining;
neral benefit of $100 if the
; a result of sickness or dis-
ig accidental death or sui-
deration of the premium of
nth, which is a part of the
)remium exacted.

f Act No. 240 of 1916 de-
ial life insurance as follows:
al Life Insurance is hereby
iat Insurance for which stip-
ns, advanced assessments or
arly payable and collectible
eeks, tri-weekly, bi-weekly,
:eekly or at any other stated
eeding one calendar month
policies or benefit certificates
for sums of Five Hundred
; on a single life *on which*
*nefit certificates* provide a
.nefit for disability, caused by
:ident, of Twenty Dollars per
or which provide for the at-
a physician or supplying of
urnishing a funeral." (Italics

It is manifest that the preposition "on," as used in the above-quoted phrase which we have italicized, is evidently an error and that the phrase should read "or which policies," etc., in order to make the language used comprehensible. See our opinion in Devine v. National Life & Accident Ins. Co., 166 So. 522, handed down this day.

With this patent grammatical correction, it will be observed that the statute requires two essential elements for the policy to be included within the term defined: (1) The premiums, etc., must be regularly payable every calendar month, or at less stated intervals; and (2) the policy or benefit certificates must not exceed $500 on a single life, or must provide for a weekly cash benefit, or must provide for the attendance of a physician, or supplying of drugs, or furnishing a funeral.

Counsel for defendant argues that while the premium in the instant case is payable each calendar month, the policy provides a benefit in excess of $500, which precludes us from finding it to be an industrial life policy within the definition of the statute. While recognizing the force of this contention, it is not necessary to pass upon the question in the instant case because we are convinced that the policy is divisible.

The suit is brought to ·recover a $100 benefit under clause F of the policy, which provides: "In event of the death of the Insured while this policy is in force as the sole and direct result of illness or disease that is contracted and begins after sixty days from date hereof (accidental death or suicide, sane or insane, is not covered), the Company, *in consideration of the premium of 10 cents per month,* or 20 cents if the insured at entry is over fifty years. of age, which is a part of the premium specified on the first page hereof, will pay the beneficiary, if surviving, otherwise the executor or administrator of the insured, the sum of One Hundred Dollars. * * *" (Italics ours.)

It will be noted that the defendant charged a specific premium for the coverage granted under the above-quoted clause. The event of death as a result of illness or disease (exclusive of accident or suicide) is a specific insurance, separate and distinct from the other benefits contained in the policy.

There is no sound reason why the protection .contracted for in clause F of the policy should not be considered divisible from the other benefits contained in the other clauses of the contract. We find authority for our view regarding the divisibility of this contract in Vance on Insurance (2d Ed.) page 86, wherein it is said that while, as a general rule, the peculiar character of the insurance contract raises a strong presumption that its terms are to be construed as parts of a general whole, there are certain recognized exceptions to the rule. One of the departures from the general principle occurs "when the contract grants insurance upon several subjects *in consideration of separate premium charges,* the contract is divisible, and the invalidity of one part will not affect another." (Italics ours.)

Accordingly, the policy here insures against disability from accident and sickness and resulting death from accident in consideration of one premium, and also grants insurance against sickness resulting in death in consideration of another premium. It is of no moment that the policy protection granted in the first instance may or may not be industrial life insurance, provided that the insurance coverage in the second instance, on which the claim here is made, is industrial life insurance.

In finding that the policy is divisible, it follows that the benefit of $100, the subject of this suit, for which a separate premium was charged, is clearly industrial life insurance as defined by the Legislature. The defendant, having failed to give the statutory notice before lapsing the policy, is therefore liable.

For the reasons assigned, the judgment is affirmed.

Affirmed.

### On Petition for Rehearing.

PER CURIAM.

In the petition and brief for a rehearing in this matter, our attention has been called to the fact that this court, in the case of Figgins v. Life & Casualty Ins. Co. of Tenn., 151 So. 129, held that the contract of insurance is indivisible regardless of how the premium was allocated. That decision may be distinguished from the case at bar upon the ground that in the Figgins Case the question involved related to whether or not a contract of insurance ever came into being because of the lack of concurrence, or meeting of the minds between the parties to the agreement, and the statement that the policy of insurance is indivisible referred only to the facts of that case.

Our holding in the Figgins Case should not be construed to mean that valid insurance policies may not be divisible where there are separate premiums paid for different classes of coverage.

In the instant case there is no question relating to want of mutuality in the contract, and a further examination into the authorities in respect to the divisibility of insurance contracts where different classes of insurance are granted in consideration of separate premiums fortifies the view taken by us in this case.

In the very recent case of Pyramid Life Ins. Co. v. Selkirk, 80 F.(2d) 553, 554, the United States Circuit Court of Appeals for the Fifth Circuit held that "combination life and disability policies, such as this, are regarded as two distinct contracts, to effect different objects, though contained in one instrument." See, also, Penn Mutual Life Ins. Co. v. Hartle, 165 Md. 120, 166 A. 614, 91 A.L.R. 1466; Rosso v. N. Y. Life Ins. Co., 157 Miss. 469, 128 So. 343, 69 A.L.R. 833; N. Y. Life Ins. Co. v. Davis (D.C.) 5 F.Supp. 316.

For the reasons hereinabove set forth the application for rehearing is refused.

Rehearing refused.