McBRIDE, Judge.
This- suit was brought on a policy of insurance for $500 on the life of plaintiff’s wife, he being the beneficiary. The insured died on October 8, 1949. The company defended the action on the ground that in her written application for the policy of insurance, the insured intentionally deceived the company by concealing information regarding the state of her health and physical condition. The district court dismissed the suit, and plaintiff has appealed.
*566 It is of the utmost importance to first determine whether the policy is one of industrial life insurance. On May 30', 1949, when the policy was issued, Act No. 195 of 1948, Louisiana Insurance Code, LSA-R.S. 22:1 et seq., was in force, and its provisions are to be controlling in this case. The act regulated insurers and the insurance business, and revised and codified the insurance laws of the state. Provisions concerning the business of industrial life insurance and the issuance of industrial life insurance policies are quite different from those provisions of the act regulating the general life insurance business and the issuance of life insurance on the ordinary plan.
In the policy before us, the Delta Life Insurance Company, in consideration of a weekly premium of seventy-one cents, obligated itself to pay plaintiff, as beneficiary, upon the due proof of the death of his wife, Lorenzo A. Mataya, while the policy is in force and effect, the sum of $500. Besides the life insurance feature of the policy, certain additional benefits were stipulated for, as follows:
“Additional Benefit In Event of Death By Accidental Means. — Upon receipt of due proof that the death of the Insured resulted independently of all other causes from 'bodily injuries caused solely by external, violent or accidental means, provided such death occurs within sixty (60) days from the date of such injury, the Company will pay the ‘Amount of Insurance’ shown in the Schedule.
“Additional Benefits In Event of Disability By Specific Loss. — Upon receipt of due proof that the Insured, solely as the result of disease or injury contracted or sustained after the date of this Policy, has suffered the loss by severance of 'both hands above the wrists, or of both feet above the ankle, or of one hand above the wrist and one foot above the ankle, or has suffered irrecoverably the loss of the entire sight of both, eyes, total and permanent disability will be deemed to exist and the Company will pay to the Insured, if living, the ‘Amount of Insurance’ stated in the Schedule, or upon receipt of due proof that the Insured has suffered the loss by severance of one hand above the wrist, or of one foot above the ankle, the Company will pay to the Insured, if living, one-half the ‘Amount of Insurance’ stated in the Schedule; * * * ”,
The first statutory definition of industrial life insurance in this state is to be found in Act 65 of 1906, which was amended by Act 240 of 1916. The definition appears thus:
“That Industrial Life Insurance is hereby defined to be that Insurance for which stipulated premiums, advanced assessments or dues are regularly payable and collectible every four weeks, tri-weekly, bi-weekly, weekly, semiweekly or at any other stated terms not exceeding one calendar month apart, and the policies or benefit certificates for which are for sums of Five Hundred Dollars or less on a single life on which policies or benefit certificates provide a weekly cash benefit for disability, caused by sickness or accident, of Twenty Dollars per week or less, or which provide for the attendance of a physician or supplying of drugs, or furnishing a funeral.” (Italics ours.)
The preposition “on” in the above act, which we have italicized, was erroneously used, and should have read “or” in order to make the language used comprehensible. See Dominique v. Washington National Life Ins. Co., La.App., 166 So. 628.
In Act 148 of 1936, as amended by Act 340 erf 1942, the Legislature defined industrial life insurance as:
“ * * * that insurance for which stipulated premiums advanced assessments, or dues, are regularly payable and collectible annually, semi-annually, quarterly, monthly, tri-weekly, bi-weekly, weekly, or semi-weekly, and the policies or benefit certificates for which (a) do not exceed in the aggregate the sum of Twenty-five Hundred Dollars on a single life, (b) provide a weekly cash benefit for disability, caused by sickness or accident, of *567 Forty Dollars per week or less, (c) provide for the attendance of a physician and the payment of hospitalization and surgical costs, (d) provide for the supplying of drugs, or (e) provide for the furnishing of a funeral, as hereinafter limited and provided.”
Act 195 of 1948, the Insurance Code, in Chap. 7, § 7.01, LSA-R.S. 22:251, sets forth the following definition:
“1. Industrial life insurance is hereby defined to be that insurance for which premiums are regularly payable and collectible and the policies or benefit certificates for which:
“(a) Do not exceed twelve hundred and fifty dollars on a single life,
“(b) Provide a weekly cash benefit for disability, caused by sickness or accident, or forty dollars per week-or less,
“(c) Provide for the payment for or furnishing of hospitalization, drugs, attending physician and surgical costs,
“(d) Provide for the payment for or furnishing of a funeral, all as herein limited and provided.”
Plaintiff takes the position that to come within the definition laid down for an industrial life insurance policy, the contract must contain all four of the elements recited in § 7.01. On the other hand, the defendant contends that an industrial life insurance policy need not provide for each and every type of benefit mentioned in the section. It is argued that the policy should be deemed a contract for industrial life insurance because it contains an accidental death benefit and includes disability provisions. It is also stressed by counsel that the policy contains the requisite mandatory provisions required of industrial life insurance policies as prescribed in § 7.09 of the act, LSA-R.S. 22:259.
The bare fact that the policy does contain the mandatory provisions appearing in § 7.09 does not of itself place the policy in the category of one of industrial life insurance. To be an industrial life insurance policy the contract must come within the orbit of the definition set forth in § 7.01, and our opinion is that the contract does not conform thereto. In prior legislation, the disjunctive word “or” appears, and it was not necessary for the contract to provide for each and every type of benefit set forth in the definition of industrial life insurance. In § 7.01 of Act 195 of 1948, the disjunctive “or” is not present, and a reading of the section formulates the thought that there must be a concurrence of all four of the essentials in the contract before it can be classified as industrial life insurance. Usually, industrial life insurance embraces small policies of accident, health, or life insurance issued in consideration of weekly payments or payments to be made at short regular intervals, in contradistinction to the ordinary plan of insurance, where premiums are payable annually, semiannually, or quarterly. See 44 C.J.S., Insurance, § 20, p. 480.
But -the language of § 7.01 is clear, explicit, and unambiguous, and it is our duty to interpret the section as written. We have no right or authority to ingraft modifications, or to depart from the plain letter of the language.
It is true that the policy is for an amount less than $1,250 and was issued in consideration of premiums regularly payable and collectible, but nowhere does there appear any provision for either a weekly cash benefit for disability, caused by sickness or accident, or for the payment for or furnishing of hospitalization, drugs, attending physician and surgical costs, or- for the payment for or furnishing of a funeral.
On May 20, 1949, plaintiff’s wife, Lorenzo A. Mataya, applied in writing to the defendant, a domestic company, for the policy on her life for the sum of $500. In answering questions contained in the application, regarding the condition of -her health, she stated that she was then in good health and had not consulted a doctor for professional services during the past three years.' She further denied ever having had any of certain enumerated diseases. It is these answers which defendant contends are untrue and were intentionally made by *568 tile decedent with the design of deceiving defendant and inducing it to issue- the insurance contract.
The policy not coming within the definition of industrial life insurance, the provisions of the Louisiana Insurance Code regulating life insurance other than industrial life- -insurance must be resorted to in order to arrive at a proper decision of this case.
A policy constitutes the entire contract between the parties, but if a copy of the application for the insurance be endorsed upon or attached to it when issued, then both the policy and the application shall constitute the contract. Act 195 of 1948, § 5.10(1 — c), LSA-R.S. 22:170.
-Although the policy issued to Lorenzo A. Mataya contains the statement that her application is part of the contract, the application itself was never endorsed upon or attached to the policy, and therefore it was clearly inadmissible in evidence in this action relative to such policy. Section 14.08 of the act, LSA-R.S. 22:618, provides :
“No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered. * * * ”
. In view of the vigorous terms of § 14.08, the -trial judge erred in overruling the objection made by plaintiff’s counsel leveled at defendant’s offer of the application. The. document should not have been received. It is the public policy of this state that no insurance application may be pointed to as evidencing fraud, unless attached to the policy. Fisette v. Mutual Life Ins. Co. of N. Y., 162 La. 620, 110 So. 880; Rutherford v. Acacia Mutual Life Ins. Co., La.App., 181 So. 231.
Eliminating from all consideration any statement made by the insured in her application for the issuance -of the policy before us-, the defense tendered -by the- insurer has no foundation upon which to rest, and it must fall. Plaintiff is entitled to a recovery of the avails of the policy. He is entitled to interest thereon at the rate of six per cent per annum from the date of the receipt of proof of death by the insurer (October 10, 1949) until paid, under § 14.46, LSA-R.S. 22:656, but he cannot recover the fee- of his attorneys, as there is no provision of the Louisiana Insurance Code, or in any other statute of which we are cognizant, which permits an allowance for attorney’s fees in a case such as this.
For the above reasons, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of Richard Mataya and against Delta Life Insurance Company for the full sum of $500, with interest thereon .at the rate of six p'er cent per annum from October 10, 1949, until paid. Defendant-appellee is to pay all costs of both courts.
Reversed.