NEW YORK LIFE INS. CO. v. DAVIS et al.
No. 2785.

District Court, W. D. Pennsylvania.
Nov. 25, 1933.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for plaintiff.

J. Campbell Brandon, Brandon, Brandon & Ross, and Zeno Henninger, all of Butler, Pa., for defendants.

SCHOONMAKER, District Judge.

This is a suit in equity, in which the plaintiff is seeking to eliminate from three life insurance policies which it issued upon the life of the defendant Edward B. Davis, the disability and double indemnity provisions.

The case first came to the attention of the court on defendants' motion to dismiss the bill of complaint, because: (1) It discloses no ground of equitable relief; (2) the plaintiff has an adequate remedy at law. This court (McVicar, J.), on June 28, 1933, denied this motion. The case was then heard on bill, answer, and proofs. On these we find the following facts:

Findings of Fact.

1. The plaintiff is a mutual life insurance company, incorporated under the laws of the state of New York, and is a citizen of said state.

2. Edward B. Davis and Eleanor J. Davis are husband and wife, and citizens and residents of the commonwealth of Pennsylvania and of the Western District thereof. The Butler County National Bank & Trust Company of Butler is a banking corporation incorporated under the National Banking Act of the United States of America [see 12 US CA § 21 et seq.], and has its place of business in said Western District of Pennsylvania.

3. The amount in controversy in this case exceeds the sum of $3,000, exclusive of interest and costs.

4. On April 16, 1929, the plaintiff wrote its policy of life insurance No. 10,618,368 in the face amount of $10,000 on the life of Edward B. Davis, one of the defendants. The defendant Eleanor J. Davis is designated therein as beneficiary. A true and correct copy of said policy is attached to the bill of complaint.

5. As a prerequisite to the issuance by the plaintiff of the aforesaid policy, said Edward B. Davis made and signed an application to the plaintiff for such insurance. As a part of said application, said Edward B. Davis, on January 1, 1929, made answers to the plaintiff's medical examiner to questions contained in part II of the application, and signed part II of the application. A copy of said application, both parts I and II, is attached to and made part of said policy. The answers appearing in said application to the questions contained therein are the correctly recorded answers made to the respective questions by said Edward B. Davis. Included in the questions propounded to and answers made by said Edward B. Davis are the following:

"7. B. Have you ever been under observation or treatment in any hospital, asylum or sanitarium? No.

"E. Have you ever raised or spat blood? No.

"8. Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of

"C. The Stomach or Intestines, Liver, Kidneys or Bladder? No.

"10. Have you ever consulted a physician or practitioner for any ailment or disease not included in your above answers? No.

"11. What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years? None." ·

In his answers to the questions prior to No. 10, said Edward B. Davis named no physician or practitioner nor any ailment or disease whatsoever.

6. Also in said application Edward B. Davis stated:

"On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full,

complete and true, and agree that the Company believing them to be true shall rely and act upon them."

7. On August 16, 1929, the plaintiff wrote its policy No. 10,755,891, in the face amount of $5,000 on the life of Edward B. Davis, one of the defendants. The defendant Eleanor J. Davis is designated therein as beneficiary. A copy of said policy is attached to the bill of complaint.

8. As a prerequisite to the issuance by the plaintiff of policy No. 10,755,891, said Edward B. Davis made and signed an application to the plaintiff for such insurance. As a part of said application, said Edward B. Davis, on August 2, 1929, made answers to the plaintiff's medical examiner to questions contained in part II of the application, and signed said part II of the application. A copy of said application, both parts I and II, is attached to and made a part of said policy. The answers appearing in said application to the questions contained therein are the correctly recorded answers made to the respective questions by said Edward B. Davis. Included in the questions propounded to and answers made by said Edward B. Davis are the following:

"7. B. Have you ever been under observation or treatment in any hospital, asylum or sanitarium? No.

"E. Have you raised or spat blood? No.

"8. Have you consulted a physician for or suffered from any ailment or disease of

"C. The Stomach or Intestines, Liver, Kidneys or Bladder? No.

"10. Have you consulted a physician for any ailment or disease not included in your above answers? No.

"11. What physician or physicians, if any, not named above, have you consulted or been examined or been treated by within the past five years? None."

In his answers to the questions prior to No. 10, said Edward B. Davis named no physician or practitioner nor any ailment or disease whatsoever.

9. Also in said application, Edward B. Davis stated:

"On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full, complete and true, and agree that the Company believing them to be true shall rely and act upon them."

10. On December 5, 1929, plaintiff wrote its policy of life insurance No. 10,878,497 in the face amount of $10,000 on the life of Edward B. Davis, one of the defendants. The defendant Eleanor J. Davis is designated therein as beneficiary. A copy of said policy is attached to the bill of complaint. On May 8, 1930, Edward B. Davis and Eleanor J. Davis assigned said policy to the Butler County National Bank, which subsequently was merged into the Butler County National Bank & Trust Company of Butler, the other defendant, and said assignment is still in force.

11. As prerequisite to the issuance by the plaintiff of said policy No. 10,878,497, said Edward B. Davis made and signed an application to the plaintiff for such insurance on August 20, 1929. As a part of said application, said Edward B. Davis on August 20, 1929, made answers to questions contained in part II of said application and signed said part II of the application. A copy of this application, both parts I and II, is attached to and made part of said policy. The answers appearing in said application to the questions contained therein are the correctly recorded answers made to the respective questions by said Edward B. Davis. Included in the questions propounded to and answers made by said Edward B. Davis are the following:

"3. State below each ailment, disease, impaired condition of body or mind, surgical operation, or injury, serious or not serious, which you have had within the past three years, and the name of every physician, or practitioner, if any, whom you have consulted or who treated you. (If none, so state None).

"4. What physicians, or practitioners, if any, not named above, have you consulted or been examined or treated by within the past three years? None.

"6. (a) Have you within the past three years been continuously and are you now in good health? Yes."

Below the questions and answers quoted above, Edward B. Davis in said application did not state that he had consulted or been examined or treated by any physicians or practitioners whatever within the past three years, except that he had been examined at Butler, Pa., by a New York Life examiner for a New York Life policy about two weeks before. In his answers to the questions prior to No. 4, said Edward B. Davis named no physician or practitioner whatsoever.

12. Also in said application, Edward B. Davis stated:

"On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full, complete and true, and agree that the Company believing them to be true shall rely and act upon them."

13. In fact the aforesaid answers of Edward B. Davis to questions in part II of each of the aforesaid applications, were false. Said Edward B. Davis had before January 1, 1929, been under observation and treatment in a hospital, had raised or spat blood, had consulted a physician or practitioner for and had suffered from an ailment or disease of the stomach, intestines, and bladder, had consulted a physician or practitioner for an ailment or disease not included in any of his answers, had consulted and been examined and treated by physicians or practitioners not named by him within the three years immediately preceding the making of each of the aforesaid three applications, and had not within the immediately preceding three years been continuously in good health. In December, 1927, said Edward B. Davis was treated by Dr. George L. Waldbott, and in the year 1928 by Dr. L. L. Newfield. On December 10, 1927, said Edward B. Davis was admitted to the St. Joseph's Mercy Hospital of Detroit, Mich., where he was confined under observation and treatment until he was discharged on December 14, 1927. Said treatment by physicians and hospital confinement in 1927 and 1928 was on account of gastric ulcers, haemoptysis, and gonorrhea, from each of which ailments said Edward B. Davis was then suffering.

14. The aforesaid questions and answers were material to the risk assumed by the plaintiff when it issued each of said policies, and, if said questions had been answered truthfully, the plaintiff would not have issued any of said policies. The plaintiff, in approving said Edward B. Davis' applications and issuing the aforesaid policies, believed the above-quoted answers of said Edward B. Davis to be full, complete, and true, and relied and acted upon them.

15. Said answers were made by Edward B. Davis with knowledge of their falsity and fraudulently for the purpose of securing said insurance.

16. The plaintiff did not know nor have any reason to learn of said fraudulent misrepresentations by which said policies were procured from it until about April 18, 1933.

17. The defendant Edward B. Davis has brought an action in assumpsit against the plaintiff, the New York Life Insurance Company, at No. 69 March term, 1933, in the court of common pleas of Butler county, Pa. Said case is at issue and awaiting trial. Said suit is to recover disability benefits under the terms of each of said policies for alleged disability due to stomach and gall-bladder trouble. The defendants Eleanor J. Davis and the Butler County National Bank & Trust Company of Butler are not parties to said suit.

18. Since the issuance of policy No. 10,-618,368 on April 16, 1929, the plaintiff received to October 16, 1932, a semiannual premium of $13.80 for the disability provision of said policy and a semiannual premium of $5.20 for the double indemnity provision of said policy; on policy No. 10,755,891, since its issuance on August 16, 1929, to August 18, 1932, an annual premium of $13.30 for the disability provision of said policy and an annual premium of $5 for the double indemnity provision of said policy; and on policy No. 10,878,497, since its issuance on December 5, 1929, to December 5, 1932, an annual premium of $26.60 for the disability provision policy and an annual premium of $10 for the double indemnity provision of said policy, making a total amount received on account of the disability and double indemnity provision of $297.70. The plaintiff has tendered this amount, with interest, to defendant Edward B. Davis, who has refused the tender. Upon the bringing of this suit, the plaintiff paid into the registry of this court said sum, under authority of an order of court made herein on May 20, 1933.

On these facts, we conclude, as a matter of law, as follows:

## Conclusions of Law.

1. That the plaintiff is entitled to the equitable relief prayed for in the bill of complaint.

2. That each of the three policies mentioned in the bill of complaint be reformed by canceling and eliminating therefrom the disability and double indemnity provisions therein contained.

3. The defendant Edward B. Davis be enjoined from further prosecution of the action in assumpsit pending in the court of common pleas of Butler county, Pa. at No. 69 March term, 1933, for disability benefits

claimed by him to have accrued on said policies.

4. That the plaintiff recover from the defendant Edward B. Davis the costs in this case.

## Opinion.

The three policies of insurance involved in this suit would have been voidable in their entirety for fraud by reason of false answers by the insured to questions in the medical part of his application for insurance, but for the incontestable clause contained in each policy.

This clause is as follows:

"This policy shall be incontestable after two years from its date of issue, except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

The plaintiff contends that by reason of this clause, it has expressly reserved to itself the right to contest this policy in so far as the provisions and conditions therein contained relating to disability and double indemnity benefits. The defendant, on the other hand, contends that the policies in their entirety are incontestable on account of this clause.

Our view is that this clause expressly reserves to the insurance company the right to contest its liability for disability and double indemnity benefits accruing under the policy. No other ruling would give effect to the agreement of the parties. After two years, the regular life insurance liability of the company may not be contested, but the disability and double indemnity provisions always remain open to contest. There is no difficulty in canceling the insurance contract as to the two items, and leaving it in force as to the regular life insurance factors.

The amount of insurance premium attributable to the double indemnity and disability features of the contract is specifically shown in the contract itself, namely, each insurance contract states: "The above premium includes $5 for the Double Indemnity Benefit and $—— for the Disability Benefits." So, if the double indemnity and disability provisions are eliminated from the contract, the contract will remain in force as to the life features; and the insurance premiums will be reduced by the amount attributable to the double indemnity and disability benefits.

The Supreme Court of Mississippi had this precise question in Rosso v. New York Life Insurance Co., 157 Miss. 469, 128 So. 343, 69 A. L. R. 883, and held that these different contracts of insurance in the same policy were divisible.

To the same effect also is the case of Kaffanges v. New York Life Insurance Co., 59 F.(2d) 475, in which the Circuit Court of Appeals in the First Circuit rescinded the contract as to disability benefits, and left the policy in force as to the life insurance features. The Appellate Division of the Supreme Court of the state of New York also came to the same conclusion in the case of Connecticut General Life Insurance Co. v. Brandstein, 233 App. Div. 723, 249 N. Y. S. 1018.

That the parties themselves considered that these provisions of the policy were severable, may be gathered from the following language contained in the policy:

"Upon the written request of the Insured on any anniversary of this Policy and upon return of this Policy for proper indorsement, the Company will terminate this provision (double indemnity benefits) and thereafter the premium shall be reduced by the amount charged for the Double Indemnity Benefit."

We, therefore, conclude on the whole case that the plaintiff is entitled to the relief prayed for, and a decree may be submitted accordingly.