SMITH *v.* EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

(*Nashville*, December Term, 1935.)

Opinion filed January 13, 1936.

J. H. EPPS, of Jonesboro, and B. S. GORE, of Bristol, for appellant.

SIMMONDS & BOWMAN, of Johnson City, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit brought by Smith to recover disability benefits under three insurance policies. The company, by answer and cross-bill, denied liability on two of these policies of $5,000 each and sought to have the contracts canceled for misrepresentation and fraud in their procurement; or, more specifically, reinstatements thereof. It was charged that at the very time when the insured made the inducing representations as to his health and physical condition in his application for reinstatement of these policies, which had theretofore lapsed, he was drawing from other companies total and permanent disability benefits.

A demurrer to the cross-bill was interposed, together with a motion to strike the answer and cross-bill alleging fraud, the substance of the defenses raised by the demurrer being that the policies were incontestable, more than two years having elapsed, it being specifically insisted that the provision for an exception in the incontestability clause of the policies was ineffectual to preserve the right to contest for invalidity the contract to pay disability benefits, both because (1) the language used when properly construed failed to reserve this right, and because (2) such a reservation is in derogation of the statute which provides that all life insurance policy contracts shall be incontestable for matters relating to procurement after two years. It was further insisted that the provisions for (1) life insurance and (2) disability benefits were not severable. The chancellor sustained the demurrer and the company has appealed.

One of these policies included, when issued, a provision for disability benefits. The other provides for such benefits by a supplemental contract-rider, entered into and attached subsequently. It is said in argument that the clauses for construction differ on grounds arising out of this circumstance, but in our view the difference is not material. The determinative question presented calls for consideration of the following paragraph, which is conspicuously printed at the head of the second page of the one policy, and at the head of the third page of the other, immediately following the rider provision for disability:

"This policy, except as to the provisions relating to Disability and Double Indemnity, shall be (a) INCONTESTABLE after it has been in force during the life-

time of the Insured for a period of one year from its date of issue, provided premiums have been duly paid, and (b) free from restrictions on travel, residence, occupation or military or naval service.''

The only difference in the form of these clauses is that, while in the one policy the clause as above quoted appears printed in large type exactly as herein quoted, in the second policy the language ''except as to the provisions relating to Disability and Double Indemnity'' appears in a separate line and written with a typewritter, having quite evidently been inserted by interlineation contemporaneously with the attaching of the rider providing for disability and double indemnity benefits—a circumstance tending to emphasize a purpose to except the provisions creating these obligations from the provision for incontestability.

It will be observed that in the clause above quoted, the words ''except as to the provisions,'' etc., are inserted parenthetically, following the words ''this policy.'' In the second, or the rider-contract policy, they may perhaps more properly be read as at the beginning and preceding the words ''this policy.'' In our judgment this difference is without materiality.

Since we are not concerned with ''double indemnity,'' or with ''restrictions on travel,'' etc., the paragraph for construction may well be restated, in concise and pertinent form, as follows:

This policy, except as to the provisions relating to disability, . . . shall be incontestable after it has been in force during the lifetime of the insured for a period of one year from its date of issue.

The insistence of the assurance society is: (1) That, in view of this explicit excepting language in the policy,

the incontestability provision had no application to the provision for disability benefits; and (2) that the statutory requirement is expressly limited to contracts for life insurance and has no application to a contract for disability benefits, disability insurance not being life insurance.

As to the second of these insistences, we are of opinion that our statute, Code, section 6179, is not applicable. This statute appears in article 1, chapter 6, of the Code, headed "Nonassessment Life Insurance; general provisions," and provides that, "no policy of life insurance shall be issued in this state . . . unless the same shall contain the following provisions," the pertinent provision being found in subsection (3) reading: "Policy is entire contract, and is incontestable after two years; exceptions.—A provision that the policy shall constitute the entire contract between the parties, and shall be incontestable after two years from its date, except for nonpayment of premiums and except for violations of the conditions of the policy relating to naval and military services in time of war." Quite obviously, this statute deals alone with *life* insurance, thus defined by this court in *Provident Life & Accident Ins. Co.* v. *Rimmer*, 157 Tenn., 597, 601, 12 S. W. (2d), 365, 367: "Insurance on life includes all policies of insurance in which the payment of the insurance money is contingent upon the loss of life." On the contrary, insurance against disability includes policies only in which the payment of the insurance money terminates with the loss of life. The one is payable only after death, the other is payable only during life.

It follows, therefore, that unless the right to con-

test the validity of the contracts of insurance evidenced by these policies, that is, the generally recognized right by bill in equity to rescind and annul the contract of insurance for misrepresentation and fraud in procurement, has been expressly limited by pertinent provisions in the policies, the chancellor was in error in sustaining the demurrer in this cause. It is conceded that in so far as the life insurance is concerned, such a limitation to a period of one year is so expressed, and it is sought by the cross-bill to rescind and annul the contracts only in so far as they provided for double indemnity and disability benefits. It is, of course, apparent that an attempt was made by the draftsmen of the policies to except from the limitation upon contestability the double indemnity and disability provisions, but the insistence of the insured is that this exception has not been made in apt or effective language. This is the determinative question presented.

The language for construction (condensed by omitting matter not relevant to the issues under consideration) is: ''This policy, except as to the provisions relating to disability . . ., shall be incontestable after,'' etc. How can it be said, in the face of this quite definite excepting language, that it was intended to declare the policy to be incontestable as to its provisions for disability? The phrase ''relating to'' is the equivalent of pertaining to, having reference to (Webster's New International), terms that are comprehensive of the subject indicated. As we understand the argument made for the insured, it is that the exception should be construed to apply, not to the general obligation, as a whole, to pay disability insurance, but only to the right to

deny liability because certain prescribed conditions of liability applicable to claims arising under these heads have not been complied with, such as, under a claim for total and permanent disability, giving of notice and filing of proofs thereof within stipulated periods, or because the disability has resulted from military or naval service, or from self-inflicted injury. It is said that it was to preserve to the society the right to contest touching these matters after one year that the exception was inserted.

We think it apparent that the confusion which seems to have arisen in this case, and in several of those relied on for the insured, is due to a failure to appreciate the distinction between ''a denial of coverage and a defense of invalidity'' which Chief Justice CARDOZO, when on the Court of Appeals of New York, so clearly emphasized in his opinion in *Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y., 449, 169 N. E., 642. In that case he said: ''The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken.''

There could be no possible necessity for the insertion of a clause reserving by exception the right to contest a claim for payment based on disability on the ground that the claim did not come within the terms of coverage, that is, the conditions upon and under which the insurance was to be paid, for example, a showing

that the disability was total and permanent, and was not self-inflicted. Such rights of defense are never affected by time limitations relating to the execution of the contract, or issuance of the policy, but arise only and may be asserted whenever claims are made under the contract.

Because this form of insurance is of modern origin, few and only recent decisions can be found bearing upon the issues presented, and we have none in Tennessee in point. However, it appears that some respectable authority is cited by learned counsel for the insured, for the construction, strained though it appears to us to be, contended for. The leading case relied on is that of *Ness* v. *Mutual Life Ins. Co. of New York*, 70 F. (2d), 59, decided in the United States Circuit Court of Appeals for the Fourth Circuit, reversing the District Court. The language construed in that case was not identical with that now under consideration and lent itself more readily to the construction given it, and that case can be distinguished on this ground; and we are inclined to the view that in that case the learned writer of the opinion overlooked the distinction hereinbefore referred to as emphasized by Chief Justice CARDOZO between a denial of coverage and a defense of invalidity. In the *Ness Case* the excepting clause read: ''Except for nonpayment of premiums and except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively, this policy shall be incontestable after one year,'' etc. The court found the language to be involved and ambiguous, calling for the rule applicable when ambiguity appears, resolving the doubt in favor

of the insured. Stress was put on the use of the terms "the restrictions," etc., "provided," that is, set out, "in sections 1 and 3, respectively," wherein are set forth in detail matters of coverage.

And so of the case of *Thompson* v. *New York Life Ins. Co.* (D. C. Okl.), 9 F. Supp., 248, 250, in which the language construed was, "except as to provisions and conditions relating to Disability and Double Indemnity Benefits." In that opinion emphasis was put upon the use of the words "conditions relating to" as having application to the conditions of the risk or coverage. The judge in that case followed the opinion in the *Ness Case.* Moreover, in that case the court said that no diligence had been shown in discovery of the alleged fraud, the company having paid the disability benefits for ten years without question; that the action might well be held barred by laches. And in addition to this phase of that case obviously influencing the mind of the court in deciding the conceded doubt in favor of the insured, the court calls attention to the state statute which includes double indemnity in life insurance and therefore precludes application of an exception to the noncontestability clause thereto; and double indemnity being coupled with disability in the excepting clause under consideration, the court found a probable want of intention to except either. Much that has been said of the two cases mentioned applies, also, to *Mutual Life Ins. Co. of New York* v. *Markowitz* (C. C. A.), 78 F. (2d), 396, and *New York Life Ins. Co.* v. *Kaufman* (C. C. A.), 78 F. (2d), 398. In the first of these cases, the language construed was identical with that in the *Ness Case* and followed that decision. The language in the *Kaufman Case* was

similar to that used in the *Thompson Case, supra.* It will be observed that in the instant case neither the terms "conditions" or "restrictions," etc., appear. The language used is simple and direct and free from ambiguity, "Except as to the provisions relating to disability," etc. Indeed, analysis of the opinion in the *Ness Case*, we think, fairly suggests that, if the language in the case now before us had been under consideration, a different conclusion would have been reached.

And, finally, counsel cite, as on all fours with the instant case, *Kiriakides* v. *Equitable Life Assurance Society*, 174 S. C., 140, 177 S. E., 40, 43, wherein the language is identical with that in the case now before us. The opinion in that case is largely a reference to the decision in *Ness* v. *Mutual Life Ins. Co., supra,* which the South Carolina court quotes from at great length and declares disposes of the question. As illustrating the very distinction which Chief Justice CARDOZO emphasizes, and which the South Carolina Court altogether overlooks, that court sets forth in its opinion items, all clearly of coverage, which it says are "the provisions relating to disability" intended to be excepted from contestability by the use of the language employed. Says that court:

"It will be seen from a study of the disability clause that there are many provisions which have to be complied with before the insured claiming disability can be paid thereunder.

"(1) The insured must show that he cannot engage in any work for compensation of financial value.

"(2) The insured must show that the disability will continue for a certain period unless it involves the loss

of sight or certain other injuries enumerated therein.

"(3)   The company will not pay, in any event, any disability resulting directly or indirectly from military or naval service in time of war.

"(4)   The due proof must be made within one year after default in payment of premium and must show that the insured became totally disabled as provided in the policy.

"(5)   If the insured has not reached the age of 60 years, the society will:

"(a)   Waive all premiums;

"(b)   Pay to the insured a monthly disability income."

We think it too plain for argument that every one of these provisions, or conditions, are with respect to matters as to which the exception as to incontestability could have no sort of reference.   Every one of the items enumerated relate to matters of coverage, conditions of the contract to pay which the company could, of course, rely upon consistently with recognition of the validity of the contract of insurance and without respect to any limitation upon contestability.   See *Scales* v. *Jefferson Standard Life Insurance Co.,* 155 Tenn., 412, 295 S. W., 58, 55 A. L. R., 537, and cases therein reviewed, in which the distinction is made clear between the right to contest for invalidity and the right to deny liability for violation of, or noncompliance with, the conditions of the risk assumed.

So far as we have observed, this South Carolina case is the only case taking this view in which the language construed was identical with that in the policies now before us, and we are not of opinion that the facts or rea-

soning of the *Ness Case* justified the adoption by the South Carolina court of the decision therein, in view of the variance in the language. Moreover, as already indicated, in our judgment the opinion in the *Ness Case,* as well as in the others mentioned, following it, overlooks the basic distinction to which reference has· heretofore been made.

■ On the other hand, there are a number of well-reasoned opinions which seem to us quite clearly to adopt a more natural construction and a sounder view, holding that this language, "except as to provisions relating to disability," etc., means just what it says. In this class are *New York Life Ins. Co.* v. *Davis* (D. C. W. D. Pa.), 5 F. Supp., 316, 319; *Mutual Life Ins. Co.* v. *Stroehmann et al.* (D. C. M. D. Pa.), 6 F. Supp., 953; *Greber* v. *Equitable Life Assurance Society* (Ariz.), 28 P. (2d), 817 (identical language); *Mutual Life Ins. Co.* v. *McConnell,* 20 Pa. Dist. & Co. R., 250; *Connecticut General Life Ins. Co.* v. *Brandstein,* 233 App. Div., 723, 249 N. Y. S., 1018; *Kaffanges* v. *New York Life Ins. Co.* (C. C. A., 1st), 59 F. (2d), 475; *Penn Mutual Life Ins. Co.* v. *Hartle,* 165 Md., 120, 166 A., 614, 91 A. L. R., 1466. While in the *Kaffanges Case* and in the *Hartle Case,* both *supra,* the contest was not directed to the particular point now under consideration, in both of these cases exceptions were recognized, in accordance with provisions therefor, to the incontestability clauses and given effect, both of these cases recognizing the clear right of an insurance company to cancel or rescind, for fraud or false representations, that part of a life policy which provides for payment of disability benefits without disturbing the life insurance feature of the contract. And in

a note in 91 A. L. R., page 1470, following the reported *Hartle Case,* authorities are given for the proposition announced in the *Hartle Case* and also in the *Kaffanges Case,* that the contracts in the policy for life insurance and disability insurance are severable. Indeed, this proposition seems to be well settled. In addition to the cases mentioned and to others cited by 91 A. L. R., see *Rosso* v. *New York Life Ins. Co.,* 157 Miss., 469, 128 So. 343, 69 A. L. R., 883. The following quotation from the note in 91 A. L. R., above referred to, is in point: "In view of the universally accepted rule that the parties to a contract of insurance have the right to cancel it by mutual consent or agreement, even though no such right be reserved in the policy, at least where the rights of third parties are not injured thereby (see 6 Couch on Insurance, Sec. 1407), it seems clear that the disability features of such a contract may be so canceled or rescinded apart from the life insurance feature." And, generally, as to severability of contracts of insurance, see 1 Couch on Insurance, sections 210-218; and as to incontestability, see 8 Couch on Insurance, sections 2155-2155h.

In conclusion, we adopt from the opinion of Judge SCHOONMAKER, in *New York Life Ins. Co.* v. *Davis, supra,* as did Judge WATSON in *Mutual Life Ins. Co.* v. *Stroehmann, supra,* the following:

"Our view is that this clause expressly reserves to the insurance company the right to contest its liability for disability and double indemnity benefits accruing under the policy. No other ruling would give effect to the agreement of the parties. After two years, the regular life insurance liability of the company may not be contested, but the disability and double indemnity provisions

always remain open to contest. There is no difficulty in canceling the insurance contract as to the two items, and leaving it in force as to the regular life insurance factors.''

It results that the decree sustaining the demurrer to the cross-bill is reversed, and the cause is remanded for further proceedings.