CAROTHERS *v.* ATLANTA LIFE INS. CO.

(*Nashville,* December Term, 1941.)

Opinion filed February 14, 1942.

Rehearing denied April 1, 1942.

Z. ALEXANDER LOOBY, of Nashville, for appellant.

J. P. BUCHANAN and NORMAN FARRELL, both of Nashville, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

Complainant by her bill herein seeks to recover the sum of $200 on an industrial life insurance policy, wherein she was named as beneficiary, issued by defendant on August 22, 1938, on the life of her son, Alexander Carothers, who is alleged to have committed suicide on March 17, 1941.

The material portions of the policy are as follows:

"10. Limitations. No benefits shall be payable hereunder for death resulting directly or indirectly from drunkenness, immorality or venereal disease or as a result of an altercation or fight provoked or unprovoked, or suicide, whether sane or insane, or while breaking the law or resisting an officer, it being understood and agreed that death resulting from these causes or any one of them is a risk not undertaken or assumed under this policy of insurance. If death shall occur as a result of pregnancy, child-birth, abortion or miscarriage within 9 months of the date of this policy, the liability of the Company shall be limited to the refund of any premiums paid hereon."

"13. War. Should the insured die while engaged in military, naval, or air service in time of war, or as a result of having been so engaged, the amount insured hereunder shall be the amount of the premiums paid hereon, less 25%"

"20. Incontestability. Subject to the restrictions as to military, naval or air service as contained herein, this policy shall be incontestable after two years from date, except for fraud, non-payment of premium or misstatement of age."

Defendant demurred to the bill upon the ground that death by suicide was not a risk included in the contract of insurance. The chancellor overruled the demurrer and the defendant electing not to plead further rendered a decree in favor of complainant for $200. Defendant has appealed to this court and assigned errors.

It is the insistence of defendant that death resulting from suicide was not a risk assumed under the policy. The insistence of complainant is that as the incontestable clause enumerates certain restrictions which are not covered thereby, there can be no other restrictions, after two years, and, hence, suicide after two years is a risk covered by the policy. The maxim *inclusio unius est exclusio alterius* is invoked.

In *Childress* v. *Fraternal Union of America,* 113 Tenn., 252, 82 S. W., 832, 833, 3 Ann. Cas., 236, the policy sued on contained independent "suicide" and "incontestable" clauses. It was contended by the beneficiary that the incontestable clause annulled the suicide clause after the expiration of two years. The court held against this contention and said, *inter alia*:

"But the suicide clause is not one which enters into the original validity of the contract, but one which defeats the right of recovery after the full existence of the contract is established.

"The incontestable clause has no reference to the suicide clause, and the latter is in no wise affected by the former.

"If the insured commit suicide after the expiration of two years from the date of the policy, the effect is the same as if it occur within two years."

The conclusion reached by the court was that while the policy became incontestable after two years, except upon

the grounds stated, still it was in force according to its terms, which were plain and explicit.

In *Scales* v. *Jefferson Standard Life Ins. Co.,* 155 Tenn., 412, 418, 295 S. W., 58, 55 A. L. R., 537, the language above quoted from *Childress* v. *Fraternal Union of America, supra,* was set forth and approved.

Section 6179 of the Code provides that every policy of life insurance issued in Tennessee shall contain: ''(3) A provision that the policy shall constitute the entire contract between the parties, and shall be incontestable after two years from its date, except for nonpayment of premiums and except for violations of the conditions of the policy relating to naval and military services in time of war.''

If complainant's contention be correct, then the suicide clause in every policy of life insurance issued since the adoption of the above statute would be void after two years because omitted from the exceptions in the incontestable clause. The court in *Williams* v. *Interstate Life & Accident Ins. Co.,* 163 Tenn., 262, 43 S. W. (2d), 215, quoted the following from 14 R. C. L., 1225, ''An insurer of life may, of course, make such exceptions from the risk assumed, as it sees fit.'' To like effect 29 Am. Jur., p. 691. Our statutes governing life insurance do not prohibit or forbid the making of exceptions to the risks assumed by the insurer. So, it was entirely competent for the parties to the contract of insurance here involved to stipulate that the death of the insured resulting from certain specified causes, including suicide sane or insane, should not be within the coverage of the policy.

Under the very terms of the policy sued on death resulting from suicide was excluded from the risk assumed by the insurer. In *Scales* v. *Jefferson Standard Life Ins.*

*Co., supra,* the court quoted from *Mack* v. *Connecticut General Life Ins. Co.,* 8 Cir., 12 F. (2d), 416, as follows: " 'The contract provision expressly excluding the assumption of the risk of suicide for two years is entirely distinct from the incontestable clause, is consistent with it, and the one in no way contradicts the other. There is a distinction between facts which would warrant a rescission of the contract and a risk not covered by the contract. The incontestable clause relates to the former. The suicide clause relates to the latter.' " [155 Tenn., 412, 295 S. W., 60, 55 A. L. R., 537.]

██ The provision that the policy shall be incontestable after it has been in force for two years, except for fraud, nonpayment of premium or misstatement of age, subject to the restrictions as to military, naval or air service, is not a mandate as to coverage. "It means . . . that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken." *Metropolitan Life Ins. Co.* v. *Conway,* 252 N. Y., 449, 169 N. E., 642.

There exists a conflict in the decisions of the courts in other jurisdictions, as is stated in 29 Am. Jur., p. 678, "on the point whether an express exception in the incontestability clause of an insurance policy will preclude the insurer from denying liability under another clause in the policy which excludes or limits the liability of the insurer as to certain designated risks." The author cites *Childress* v. *Fraternal Union of America, supra,* and *Scales* v. *Jefferson Standard Life Ins. Co., supra,* along with cases from other jurisdictions, in support of the statement contained in the text that: "One line of authorities adopts the view that the incontestable

clause is not a mandate as to coverage or as to risks assumed, and that notwithstanding the exception in such clause, the insurer may deny liability for the full amount of the policy by invoking the application of another clause in the policy involving exceptions of risk not enumerated in the incontestability clause, and that by so doing the insurer is not contesting the policy, but is living up to its terms. In accordance with this view, clauses in life insurance policies expressly excluding suicide as a risk, or limiting the liability of the insurer to the amount of premiums paid, in the event of suicide, have been given effect even after the expiration of the time expressly fixed by the incontestability clauses of the policies for contesting them.''

The text goes along to state that: ''Other cases, either expressly or inferentially at least, rely on the maxim, '*inclusio unius est exclusio alterius*,' and hold that the express exception in the incontestability clause of a particular risk from the operation of such clause precludes the insurer from relying upon express exceptions in other clauses of the policy.''

Among the cases cited in support of the latter view is the case of *Bernier* v. *Pacific Mutual Life Ins. Co.*, 173 La., 1078, 139 So. 629, 88 A. L. R., 765, which case is cited and relied on by complainant here. As already shown, this court is committed to the rule adopted in *Childress* v. *Fraternal Union of America, supra,* and in *Scales* v. *Jefferson Standard Life Ins. Co., supra.* Appleman in his recent work on Insurance Law and Practice (Vol. 1, sec. 369) states this to be the ''better rule.''

Our conclusion is that the chancellor was in error in overruling defendant's demurrer. The same is now sustained and the bill is dismissed, at the cost of complainant.