NATIONAL BURIAL INSURANCE CO.

*v.*

CHARLES E. EVANS.

(*Knoxville,* September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

CLARENCE KOLWYCK, Chattanooga, for appellant.

HARRY BERKE, Chattanooga, for appellee.

504

MR. CHIEF JUSTICE PREWITT, delivered the opinion of the Court.

The Chancellor sustained the demurrer of the appellee Charles E. Evans, and dismissed the bill and this appeal resulted.

The Insurance Company filed a bill in the lower court to enjoin the prosecution of a suit filed in the Circuit Court brought to collect the benefits under two accident policies and has sought to cancel the policies for fraud. The suit to cancel the policy was filed more than two years after the date of the policy and after the incontestable clause had gone into effect.

The Chancellor sustained the demurrer on the ground that the bill shows on its face that the complainant has an adequate remedy at law by defending the action filed against it in the Circuit Court; that the bill fails to state that it does not have an adequate remedy at law, and shows no equitable jurisdiction to entertain the suit and that the incontestable clauses of both policies have already expired, and the complainant can interpose any proof in the Circuit Court that it could interpose in this cause.

"Where a policy contains an incontestable clause, it is necessary for an insurer wishing to preserve its defenses to take affirmative action within the period so

designated.'' Appleman on Insurance Law and Practice, Section 313.

As to jurisdiction, it was stated in Couch Cyclopedia of Law, Section 1445:

''* * * And even though equity may have the right to assume jurisdiction by reason of the allegations made, if, considering the case made, it is inexpedient to exercise such jurisdiction because of the fact that it would be a more reasonable and proper exercise of its discretion to leave the parties to their remedy at law, the court will do so. * * *''

In the case of *The Sailors v. Woelfle,* 118 Tenn. 755, 102 S.W. 1109, 12 L.R.A., N.S. 881 it was said:

''The only question on this record is: Will the chancery court enjoin a pending suit in a court of law, instituted by one entitled to the proceeds of a beneficial certificate, matured by the death of the assured, upon a bill filed by the insurer for a cancellation of this benefit certificate, alleging as a ground therefor that it was issued upon false and fraudulent answers as to his physical condition, made by the assured in his application therefor? In other words, will the chancery court oust the jurisdiction of the circuit court, when a suit by the beneficiary against the corporation issuing the certificate is pending, and where the defense of fraud can be fully made, upon the mere ground that that court has, and the circuit court had not, the power to order a cancellation of the instrument?''

The Court further stated in the last cited case:

''We doubt whether the principle controlling the interference of equity courts at the instance of parties

complaining, with a view to the cancellation of instruments, has been anywhere more clearly or satisfactorily stated than in this case.

"In the case at bar, no suggestion of special circumstances to call into activity this jurisdiction of a court of equity is suggested. We think, to interfere with the processes of the circuit court and take to itself jurisdiction in order to cancel an instrument, which, if it ever had, is deprived of all negotiable quality by the death of the assured, would be, on the part of the chancery court, an act arbitrary in its nature."

We think the Insurance Company can fully protect its rights in the Circuit Court. See *Cryer v. Mayfield,* 5 Higgins 537.

It results that we find no error in the decree of the Chancery Court sustaining the demurrer and it is affirmed.