HORACE MANN MUTUAL INSURANCE COMPANY

*v.*

JANETTE W. BURROW.

**373 S. W. 2d 469**

(*Jackson,* April Term, 1963.)

Opinion filed December 5, 1963.

TOM ELAM, Union City, of counsel, ELAM & GLASGOW, Union City, for appellant.

CHARLES B. FIELDS, Union City, WHITE & FIELDS, Union City, for appellee.

MR. JUSTICE DYER delivered the opinion of the Court.

This appeal involves the construction of a contract of insurance the facts being stipulated. The Trial Judge, without the intervention of a jury, found for the insured.

On April 21, 1959 Janette W. Burrow, Appellee in this Court, purchased a health and accident group insurance policy from Horace Mann Mutual Insurance Company, Appellant in this Court, which policy also covered her husband, Mac N. Burrow.

On October 26, 1959 Mr. Burrow developed an internal physical difficulty, which was determined to be a congenital esophageal bronchial fistula, requiring surgery, resulting in the medical expenses claimed under this policy. This fistula involved a tract communicating between the esophagus and the posterior segmental bronchus of the right upper lobe. The communication was deep within the lung tissue so that a right upper lobectomy was necessary in order to obtain a secure closure of the bronchus, as well as to close the esophagus satisfactorily. Mr. Burrow, age 43, had led an active physical life enjoying

excellent health and was unaware of any physical defect until this condition presented itself about October 16, 1959. Mr. Burrow served in the armed forces in World War II taking the usual physical examination, which did not disclose any condition preventing him from so serving. It is agreed Mr. Burrow was not sick at the time this policy was issued, but at that time he did have the fistula described above. It is further agreed "bad faith" is not involved.

The pertinent provisions of the contract are as follows: In the general provisions it is stated:

"If, as a result of bodily injury or sickness, the insured member incurs expenses for services rendered by a recognized hospital, physician, surgeon, or registered nurse, for hospital care, medical care, surgical care or nursing care, or for any combination thereof, all under the care or order of a physician or surgeon, and the expenses exceed $500.00 (the deductible amount), the Company will pay 80% of that portion of such expenses in excess of the deductible amount, incurred for any one disability up to a maximum benefit payable of $10,000.00, subject to a maximum time limitation of three years from date of accident or commencement of sickness."

" 'Sickness' as used herein means sickness or disease occurring while the insurance is in force."

Under the heading "Exceptions" the following is stated:

"This policy does not cover any loss resulting from sickness contracted or commencing prior to the time a person is insured under this policy, except for such

loss occurring two years after the effective date of the policy.''

Appellant insists the language of the contract (copied above in this opinion) is clear and unambiguous and under same there is no coverage, if (1) the sickness or disease does not occur while the insurance is in force, or (2) the loss results from sickness contracted or commencing prior to the issue date of the policy. That an insurer may limit the risk or coverage in a sickness and hospitalization insurance contract as it sees fit, and sickness originating prior to the issuance of the policy is not within the risk where the loss is beyond the scope of coverage or falls within an exception to coverage. Citing *Williams v. Interstate Life & Accident Insurance Co.,* 163 Tenn. 262, 43 S.W.2d 215; *Dees v. National Casualty Co.,* 117 Tenn. App. 183, 66 S.W.2d 603; *Smithpeters v. Prudential Insurance Co. of America,* 18 Tenn.App. 628, 81 S.W.2d 392. These statements being correct then this fistula, which has existed since birth, being the cause of the loss claimed under this policy it naturally follows there is no coverage under the terms of this policy.

■■ It is true, as the cases cited so hold, an insurer may limit the risk or coverage as it deems best. We agree the language in this contract is not ambiguous and the policy affords coverage only if the ''sickness'' occurred, was contracted, or commenced while the policy was in force. Having agreed with Appellant to this point we do not think it necessarily naturally follows since this fistula causing the loss predated the policy there is no coverage. This will be true if this fistula as it existed dormant all these years in Mr. Burrow's body can be termed a ''sickness'' as the word is used in this policy.

■ We have been unable, nor have we been cited any Tennessee cases defining the word "sickness." In *National Casualty Company v. Hudson*, 32 Ala.App. 69, 21 So.2d 568 the Court gave the following definition of "sickness" with citations in support as follows:

" 'Sickness' is 'any morbid condition of the body * * * which for the time being hinders and prevents the organs from normally discharging their several functions. [It is] any affection of the body which deprives it temporarily of the power to fulfill its usual functions.' *Martin v. Waycross Coca-Cola Bottling Co.*, 18 Ga.App. 226, 89 S.E. 495, 496. See also, 29 C.J., Sec. 7, p. 280; *Milam v. Norwich Union Indemnity Co.*, 107 W.Va. 574, 149 S.E. 668; *Independent Life Ins. Co. of America v. Butler*, 221 Ala. 501, 129 So. 466; *Black v. Travellers' Ins. Co.*, 3 Cir., 121 F. 732, 61 L.R.A. 500."

It is stipulated Mr. Burrow on the issue date of this policy (April 21, 1959) enjoyed excellent health leading an active physical life. Then it would follow there was no condition of his body, at that time, which prevented his organs from normally discharging their several functions. Under the above definition of "sickness" Mr. Burrow on the issue date of this policy was not sick, nor did he have a "sickness."

In 45 C.J.S. sec. 893, page 971 under their work on "Insurance" in regard to policy provisions precluding recovery for disease and disability originating before a prescribed time the following statements are made:

"Such clauses have been strictly construed against the insurance company, and an illness or disability has been deemed to have its inception when the disease first becomes manifest or active, and not at the earlier

time when the medical cause of the disease may have begun or had its origin. Accordingly, such a policy covers losses resulting from illness which first manifests itself after the prescribed period notwithstanding the medical cause thereof antedated such period."

In support of the above statements C.J.S. cites the following cases: *Dance v. Southern Surety Co. of New York,* 16 La.App. 373, 134 So. 725; *Smith v. Benefit Assn. of Ry. Employees,* 187 Minn. 202, 244 N.W. 817; *Provident Life & Accident v. Jemison,* 153 Miss. 53, 120 So. 180; *Mutual Benefit Health & Accident v. Ramage,* 293 Ky. 586, 169 S.W.2d 624; *Davidson v. First American Insurance Co.,* 129 Neb. 184, 261 N.W. 144; *Valencia v. Continental Casualty Co.,* 127 Neb. 820, 257 N.W. 57.

In 53 A.L.R.2d at page 689 the following statement is made, which we approve:

"It is generally recognized that provisions in a health or hospital insurance policy requiring that the illness or disease from which the assured suffers originate a specified time after the date of the policy to be within the policy coverage are strictly construed against the insurer, and the illness, disease, or disability will ordinarily be deemed to have its inception when it first becomes manifest or active, or when there is a distinct symptom or condition from which one learned in medicine can with reasonable accuracy diagnose the disease."

It is agreed Mr. Burrow had his first internal difficulty on October 26, 1959, that is his first symptom appeared

on this date. This date being within the policy term this loss resulting from this ''sickness'' occurred, originated and commenced on that date and there is coverage under this policy.

Judgment affirmed.