K. K.,                                )
                                      )
        Plaintiff/Appellant,          )       Appeal No.
                                      )       01-A-01-9511-CH-00541
v.                                    )
                                      )       Davidson Chancery
THE PAUL REVERE LIFE                  )       No. 95-429-I
INSURANCE COMPANY,                    )
                                      )
        Defendant/Appellee.           )

FILED

June 7, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR



AUGUST C. WINTER
Two Brentwood Commons, Suite 150
750 Old Hickory Boulevard
Brentwood, Tennessee  37027
        ATTORNEY FOR PLAINTIFF/APPELLANT



LUIS C. BUSTAMANTE
J. FORD LITTLE
Woolf, McClane, Bright, Allen
  & Carpenter
900 S. Gay Street, Suite 900
P. O. Box 900
Knoxville, Tennessee  37901-0900
        ATTORNEYS FOR DEFENDANT/APPELLEE




AFFIRMED AND REMANDED




                            SAMUEL L. LEWIS, JUDGE

Plaintiff K. K. appeals from the trial court's judgment granting the defendant, The Paul Revere Life Insurance Company ("Paul Revere") his motion for summary judgment, and the failure of the trial court to grant its motion for partial summary judgment.

The facts are not disputed. Plaintiff submitted an application for disability insurance to Paul Revere. At the time he submitted his application he was able to fully perform his duties.

Plaintiff had been diagnosed as HIV positive; however, he did not disclose the fact that he had been diagnosed and treated for HIV in his application. Plaintiff falsely stated that he had not, in the preceding five years, received medical advice or treatment.

Paul Revere accepted plaintiff's application and issued a disability insurance policy dated 1 October 1989. Nothing in the policy excludes coverage for illness due to HIV or AIDS. The material provisions of the policy are as follows:

> 1.6 "Sickness" means sickness or disease which first manifests itself after the Date of Issue and while Your Policy is in force.
> 1.15 "Pre-existing Condition" means a Sickness or physical condition for which, prior to the Date of Issue:
> a. Symptoms existed that would cause an ordinarily prudent person to seek diagnosis, care, or treatment; or
> b. Medical advice or treatment was recommended by or received from a Physician.
> 3.2 Pre-existing Condition Limitations
> During the first two years from the Date of Issue, We will not pay benefits for a Pre-Existing condition if it was not disclosed on Your application. You are responsible for

verifying the accuracy of each and every statement on Your application. Also, We will not pay benefits for any loss We have excluded by name or specific description.

9.2 Incontestable

a. After Your Policy has been in force for two years, excluding any time You are Disabled, We cannot contest the statements in the application.

b. No claim for Disability beginning after two years from the Date of Issue will be reduced or denied because a disease or physical condition existed before the Date of Issue unless it is excluded by name or specific description.

Tennessee Code Annotated section 56-26-108(2)(A) provides that a disability insurance policy is to contain a provision stating that after a policy has been in force two years, no mis-statements except fraudulent mis-statements made by the applicant in the application may be used to void the policy or deny a claim. An insurer has the option to include a broader incontestability clause which provides that after the policy has been in force for two years (excluding any period in which the insured is disabled), the policy shall become incontestable as to the statements contained in the application.

In late 1993 plaintiff's treating physician, Dr. Judson Rogers, determined that as of 22 October 1993 plaintiff had become totally disabled because of AIDS. Plaintiff, was at that time, owner and manager of a Baskin Robbins ice cream store. He submitted a claim to Paul Revere for disability insurance benefits.

Paul Revere began an investigation of plaintiff's pre-application medical history and on 3 February 1994, Paul Revere sent plaintiff a letter stating that the company had discovered information indicating that plaintiff had been diagnosed as HIV positive in 1985. Paul Revere requested additional information

3

regarding his pre-application history which plaintiff provided.

Following the expiration of the policy's ninety-day waiting period, Paul Revere paid plaintiff monthly disability insurance benefits under a reservation of rights until 27 December 1994. Paul Revere, at that time, took the position that plaintiff was not entitled to benefits because the policy's definition of sickness did not cover illnesses which manifested themselves before the policy was issued. Paul Revere then, without notice to plaintiff, resumed making automatic premium withdrawals from plaintiff's checking account.

Plaintiff brought suit to recover disability payments withheld and post-claim premiums taken with interest, plus a 25% bad faith penalty pursuant to Tennessee Code Annotated section 56-7-105. Plaintiff also seeks a declaration in order that he is entitled to receive future disability benefits under the policy.

The trial court granted Paul Revere's motion for summary judgment, denied plaintiff's motion for partial summary judgment, and ordered plaintiff to repay Paul Revere the sum of $11,700.00 which Paul Revere had paid to plaintiff as disability benefits.

On appeal, it is Paul Revere's insistence that the insurance contract did not afford coverage for a disease which manifested itself before the issuance of the policy. Paul Revere also insists that plaintiff cannot use the statutory mandated incontestability clause to create coverage. There is no dispute in the record that plaintiff was armed with the knowledge that he had been previously diagnosed and treated for HIV, and that he did not disclose this to Paul Revere when the application was presented. The record is also clear that plaintiff's disease had manifested itself before the issuance of the policy.

4

In this appeal it is plaintiff's insistence that he is entitled to disability insurance benefits because his disability, though caused by a known and undisclosed pre-existing condition, is covered by the policy's incontestability clause which did not preserve the insurer of defense to fraudulent mis-statements. It is Paul Revere's insistence that the trial court properly granted summary judgment because the statutory mandated incontestability clause does not preclude Paul Revere from asserting an insurer's right to deny coverage pursuant to the terms of the policy.

The courts of this state have repeatedly held that although incontestable clauses and the statutes which require them "cut-off challenges to the validity of an insurance policy...[they] do not affect a policy's coverage." *Norman v. Plateau Ins. Co.*, 1989 WL 28775 (Tenn. App. 1989); *see also Carothers v. Atlanta Life Ins.. Co.*, 159 S.W.2d 830, 831 (Tenn. 1942); *Smith v. Equitable Life Assurance Soc'y of the United States*, 89 S.W.2d 165, 167 (Tenn. 1936); *Scales v. Jefferson Standard Life Ins.. Co.*, 295 S.W. 58, 60 (Tenn. 1927) (which holds that an incontestable clause does "not make the insurer liable for a larger sum than would otherwise be due under the policy.") *Searcy v. Fidelity Banker's Life Ins.. Co.*, 656 S.W.2d 39, 40 (Tenn. App. 1983), holding that an incontestable clause does not expand or enlarge coverage.

In *Searcy*, plaintiff brought suit seeking the proceeds of a credit life insurance policy issued to her deceased father under a master group policy sold by defendant to the bank. 656 S.W.2d 39 (Tenn. App. 1983). The defendant asserted two provisions of the policy had been violated and denied coverage. *Id.* at 40. Plaintiff insisted that the incontestability clause precluded the defendant from relying upon the two provisions of the policy to deny coverage. *Id.*

5

In affirming the Chancellor's dismissal of plaintiff's suit, the court stated: "The crux of the issue that this court is here called upon to review is the decision of the Chancellor that the incontestability clause did not bother defendant from asserting a defense of lack of coverage in the case where the person sought to be insured did not meet two of the insuring conditions in the policy." *Id.* at 41. The court went on to state "incontestability clauses such as codified above, while precluding the raising of the defense that an insurance policy is invalid, do not effect the raising of coverage questions by the insurer." *Id.* at 40.

In *Smith v. Equitable Life Ins.. Soc'y,* 169 Tenn. 477, 89 S.W.2d 165 (Tenn. 1935) the Supreme Court stated:

> We think it apparent that the confusion which seems to have arisen in this case, and in several of those relied on for the insured, is due to the failure to appreciate the distinction between "a denial of coverage and a defense of invalidity" which Chief Justice Cardozo, when on the Court of Appeals of New York, so clearly emphasized in his opinion in *Metropolitan Life Ins.. Co. v. Conway*, 252 NY 449, 169 N.E. 642. In that case he said: "the provision that the policy shall be incontestable after it has been enforced...for a period of two years is not a mandate as to coverage.... It means only ... that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of the condition broke it."

169 Tenn. at 403, 89 S.W.2d at 167.

The court recognized that it was "dealing here with a matter of coverage, and not the matter of the validity of the policy itself." *Id.* at 42. In *Norman v. Plateau Ins.. Co.*, 1989 WL 28775 (Tenn. App. 1989), plaintiff and her husband purchased a car and group credit insurance as part of its purchase of an automobile from Hippodrome Oldsmobile in March 1985. The certificate of insurance was prepared by Hippodrome, Plateau's insurance company's agent, and identified Mr. Norman as 56 years old, although he

6

actually was 73. *Id.* Hippodrome was unaware of Mr. Norman's

correct age and the Normans were likewise unaware that persons over

65 years of age were ineligible for Plateau's policy. *Id.* Ms.

Norman requested that Plateau pay off the remaining balance on the

automobile loan upon Mr. Norman's death in 1987. *Id.* In denying

the claim, Plateau stated that Mr. Norman had been ineligible for

insurance. *Id.* Plaintiff Norman filed suit against Plateau and

sought summary judgment asserting that the policy's incontestable

clause prevented Plateau from denying coverage. *Id.* Plateau

answered arguing that the policy's age adjustment clause limited

its liability to the amount of the premium. *Id.* In vacating the

trial court's decision to grant summary judgment on behalf of

plaintiff, the court held that defendant Plateau may raise defenses

arising from the policy despite the policy's incontestable clause.

*Id.* at 4. The court further stated:

> [Incontestable clauses] cut off challenges to the
> validity of an insurance policy except for those
> expressly accepted from the clauses operation....
> However, incontestable clauses do not affect a
> policy's coverage...they do not expand or enlarge
> coverage,...and they do not make the insurer liable
> for a larger sum than would otherwise be due under
> the policy.


> Thus, the threshold issue in cases construing
> the effect of an incontestable clause is whether
> the insurance claim relates to the validity of the
> policy or whether it relates to limitations of
> coverage. If it relates to the former it is
> barred; if it relates to the latter it is not.
> ...In this case, Plateau is raising a matter of
> coverage. It is asserting one, that Mr. Norman was
> not eligible for insurance because he was over 65
> years old when he bought the car, and two, that the
> certificate of insurance was issued contrary to the
> terms of the group policy and the agency agreement.
> We find that Plateau may raise these defenses
> despite the policy's incontestable clause. *Id.* at
> 3-4. We think it is clear that Tennessee has
> adopted the majority rule concerning the
> application of incontestability clauses by finding
> that an incontestable clause is not a mandate as to
> coverage or to risk assumed and "notwithstanding
> the exception in such clause, the insurer may deny
> liability for the full amount of the policy by
> invoking the application of another clause in the
> policy involving exceptions of risk not enumerated

in the incontestability clause..." ***See Carothers v. Atlanta Life Ins.. Co.***, 159 S.W.2d 830, 831-32 (Tenn. 1942).

It is plaintiff's contention that Tennessee's statutory mandated incontestability clause precludes insurers from contesting coverage for any reason after the expiration of the two year contestable period. The incontestability clause in the subject policy states that:

> a. After your policy has been in force for two years, excluding any time you are disabled, we cannot contest the statements in the application.
> b. No claims for disability beginning after two years from the date of issue will be reduced or denied because a disease or physical condition existing from the date of issue unless it is excluded by name or specific description.

The plaintiff cites several cases in support of his argument that once the two year time period has passed, the incontestability clause provides that "an insurer cannot avoid a claim on the ground that the insured submitted a fraudulent application."

However, we are of the opinion that these cases stand only for the proposition that the incontestable clause prevents an insurer from voiding the policy, that is, contesting the validity of the policy. Plaintiff does not recognize the distinction between the facts and the legal arguments of the instant case and those cited by plaintiff.[1] Here, Paul Revere does not contest the validity of the policy due to the fraudulent misrepresentations made by plaintiff in his application for insurance. Paul Revere contends that the policy's limiting definition of covered sickness excludes plaintiff's claim from coverage under the policy. We are of the opinion that Paul Revere is not barred by the incontestability clause from arguing that plaintiff's disability

---

[1] *Humpston v. State Mut. Life*, 256 S.W. 438, 431 (1923); *Union Central Life Ins.. v. Fox*, 61 S.W. 62 (Tenn. 1901); *Natl. Burial Life Ins.. Co. v. Evans*, 347 S.W.2d 34 (Tenn. 1961).

8

claim is not covered under the policy.

In the instant case, the trial court's judgment conforms to the majority rule applied in other jurisdictions concerning the application of the incontestability clause to the issue of coverage.

The majority of jurisdictions that have addressed this issue have adopted the rule that the incontestability clause relates only to the validity of the contract and should not affect in any way whatsoever the construction of the terms of the policy. *Button v. Connecticut General Life Insurance Co.*, 847 F.2d 584, 588 (9th Cir. 1988); *Minnesota Mutual Life Insurance Co. v. Morse*, 487 S.W.2d 317 (Tex. 1972), holds that the policy is valid after expiration of a contestability period but that the insurer may still dispute whether the claim is covered. *Id.* at 319-20.

Tennessee has adopted the majority rule that an incontestability clause limits only the insurer's ability to contest the validity of a policy which would otherwise be voidable because of the insured's fraud; the clause does not expand coverage beyond the terms of the policy. *Scales v. Jefferson Standard Life Ins.. Co.,* 295 S.W. 58, 60 (Tenn. 1927); *Searcy v. Fidelity Banker's Life Ins.. Co.*, 656 S.W.2d 39, 40 (Tenn. App. 1983). Plaintiff does not in his brief appear to dispute the adoption of the majority rule in Tennessee; however, plaintiff requests this Court to simply ignore precedent adverse to it.

Paul Revere's incontestability clause states, in pertinent part, that "no claim for disability beginning after two years from the date of issue will be reduced or denied because of a disease or physical condition existing from the date of issue unless it is

9

excluded by name or a specific description."  This limiting definition of covered sickness serves as an exception by specific description to part two of the incontestability clause.

The policy issued to the plaintiff entitled plaintiff to benefits when "because of injury or sickness" the plaintiff is "unable to perform the important duties of [his] regular occupation."  "Sickness" is defined as "sickness or disease which first manifests itself after the date of issue and while your policy is in force."  Disease is manifest when it is capable of diagnosis by a physician. *See Christopher v. Consolidation Coal Co.*, 262 Tenn. 727, 440 S.W.2d 281 (Tenn. 1969).  Plaintiff's sickness, for which he made claim, manifested when he was first diagnosed as HIV positive.  Paul Revere is entitled to limit the scope of coverage to sicknesses that "first manifest" themselves after the policy has been issued. *See Paul Revere Life Ins.. Co. v. Haas*, 644 A.2d 1098, 1106 (N.J. 1994).  Plaintiff was diagnosed and treated as HIV positive before the policy was issued. Therefore, plaintiff is not covered under Paul Revere's policy which limits covered sicknesses to those which first manifest themselves after the policy was issued.

Plaintiff acknowledges the terms of the policy issued by Paul Revere which provide coverage for total disability resulting from sickness which first becomes manifest during the policy period. Additionally, the terms and conditions of the policy quite clearly eliminate coverage for illnesses which manifests themselves prior to the issuance of the policy.  The policy only extends coverage for illnesses occurring during the policy period and expressly precludes coverage for illnesses which manifest thelmselves prior to the effective date of the policy. Furthermore, plaintiff's argument fails because of his failure to

10

recognize and accept the obvious distinction between a pre-existing condition and manifestation of an illness. This difference is demonstrated in **Paul Revere Life Ins.. Co. v. Haas**, where the court recognized a distinction between a manifest condition and one that exists. **Haas**, 644 A.2d at 1106. This distinction is also apparent in comparing the statutorily mandated incontestable clause in the coverage provisions of the policy. Under the incontestable clause, coverage will not be denied because a condition existed "before the date of issue." Whereas the policy specifically states that coverage is only provided for sickness which must "manifest itself after the date of issue."

Within the context of the contract of insurance, the incontestability clause is clear and does not result in inconsistency or ambiguity. The incontestability clause bars a defense based on an insurer's claim that a disease existed as opposed to a claim that it manifested itself prior to the issuance of the policy. The incontestability clause protects an insured who fills out an insurance application without knowledge or reason to know that he is suffering from a particular illness or disease; however, the clause would not protect an insured who knows that he suffers from a disease and nevertheless fails to inform the insurer of this fact. Here, plaintiff proposes a system whereby the incontestability clause would grant the same degree of protection to insureds who fraudulently misrepresent their medical status to those who unknowingly are afflicted by an illness which does not manifest itself prior to the issuance of the policy. To adopt such a system would be to encourage dishonesty and reward deception contrary to clear public policy.

Consumers should not be encouraged nor allowed to purchase insurance for a risk that is known to have already occurred.

11

The distinction between a "manifest" condition and one that "exists" is recognized under Tennessee law.  In **_Horace Mann Mutual Ins. Co. v. Burrow_**, 213 Tenn. 262, 373 S.W.2d 469 (1963), the insurer attempted to deny coverage for an operation required to correct an esophageal bronchial fistula which was caused by a congenital condition existing before the policy was in force.  The insurance company argued that the loss was not caused by a sickness defined in the policy as "sickness as used herein means sickness or disease occurring while the insurance is in force." **_Id._** at 471. The court concluded that although the "fistula...existed dormant all these years in the (insured's) body, it was not a sickness as the court interpreted the term." **_Id._**  The court, quoting from CJS Insurance Section 893 stated "an illness or disability has been deemed to have its inception when the disease first becomes manifest or active and not at the earlier time when the medical cause of the disease may have begun or had its origin." **_Id._** at 472.

Paul Revere has complied with the judicial interpretation of the term "manifestation."  Pursuant to the distinction between "manifesting and existing" recognized in Tennessee, plaintiff's condition had manifested when he was diagnosed as HIV positive, well before the policy was issued.  Coverage is not afforded under the policy and the statutorily mandated incontestable clause cannot be employed to create coverage.

The statutorily mandated incontestable clause does not prohibit Paul Revere from denying plaintiff's claim based upon a lack of coverage due to the prior manifestation of his illness. The statutorily mandated incontestable clause only prohibits denials of claims based upon the prior existence of a disease, rather than the manifestation of a disease prior to the issuance of

12

the policy.

For the reasons herein we are of the opinion that extension of coverage to plaintiff would only serve to reward and shelter a fraudulent insured. *See Township of Gloucester v. Maryland Cas. Co.*, 668 F.2d 394, 403 (D.N.J. 1987), holding that a person "cannot obtain insurance for a risk that the insured knows has already transpired."

It therefore results that the judgment of the trial court is affirmed, and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to plaintiff/appellant.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, J.